---

(No. 11634.—Appellate Court reversed; circuit court affirmed.)
MARTHA D. ERWIN *vs.* EMMA C. FELTER, Defendant in Error.—(JAMES RHOADES, Exr. Plaintiff in Error.)

*Opinion filed February 20, 1918—Rehearing denied April 3, 1918.*

BANKS—*when the survivor of two persons is entitled to deposit.* The deposit of his own money in a bank by one person in the name of another does not pass the title to the fund to such other person where the depositor retains the evidence of the deposit and the other person has no knowledge of it and no means of withdrawing it, but where the certificates of deposit are made payable to the depositor or another named person or to the survivor and they are left with the bank with instructions, agreed to by the bank, to pay the money to the other person at the death of the depositor, the other person, upon the death of the depositor, will be entitled to the money.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on writ of error to the Circuit Court of Jersey county; the Hon. NORMAN L. JONES, Judge, presiding.

THOMAS F. FERNS, and G. G. REARDON, for plaintiff in error.

FRED A. DUHADWAY, P. M. HAMILTON, and W. J. CHAPMAN, for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

Emma C. Felter filed objections to the final report of Martha D. Erwin as administratrix of the estate of Emily C. Rusk, which were sustained by the county court of Jersey county but were overruled upon appeal to the circuit court. The Appellate Court for the Third District reversed the judgment of the circuit court, and upon the petition of the administratrix a writ of *certiorari* was allowed to bring the record to this court for review. Martha D. Erwin has since died, and upon the suggestion of her death James Rhoades, as executor of her will and administrator *de bonis non* of the estate of Emily C. Rusk, was substituted as plaintiff in error.

The question to be decided is the ownership of four certificates of deposit issued by the State Bank of Jerseyville, which Martha D. Erwin claimed as her individual property, while defendant in error contends that they belong to the estate of Emily C. Rusk. The first certificate is as follows:

"THE STATE BANK OF JERSEYVILLE,

No. 308,

*Jerseyville, Ill., Novem. 2, 1905.*

"This certifies that Mrs. Emily C. Rusk has deposited in this bank two thousand dollars ($2000), payable to the order of herself or Mrs. Martha D. Erwin, or the survivor of either, six months after date, with interest to maturity only at the rate of three per cent per annum on return of this certificate.

S. H. BOWMAN, *President.*

"No interest after maturity. Certificate of deposit. Not subject to check."

The other three certificates differ from the first in no material respect except in dates and amounts, which are, December 20, 1905, $600; November 5, 1907, $1200; December 22, 1909, $800.

Emily C. Rusk died intestate on May 8, 1914. Her heirs were her daughter, Martha D. Erwin, who was appointed administratrix of her estate, and a grand-daughter, Emma C. Felter. The first certificate was left with the bank, which executed the following receipt for it:

"JERSEYVILLE, ILL., *November 2nd, 1905.*

"Received of Emily C. Rusk time certificates of deposit No. 308 issued by the State Bank of Jerseyville for the sum of two thousand dollars. Said certificate of deposit is payable to Mrs. Emily C. Rusk or Martha D. Erwin, or the survivor, and in the event of the death of Emily C. Rusk before the death of Martha D. Erwin the State Bank of Jerseyville is authorized by Emily C. Rusk to pay the amount due on said certificate of deposit to Martha D. Erwin.

THE STATE BANK OF JERSEYVILLE,
By S. H. Bowman."

When the second certificate was given Mrs. Rusk delivered to the bank the following writing:

"JERSEYVILLE, ILL., *Dec. 20th, 1905.*
*"To the State Bank of Jerseyville:*

"You are authorized to hold your time certificates, No. 308 for $2000 and No. 371 for the sum of $600, both payable to myself or Martha D. Erwin, or the survivor, in escrow, and in the event of my death before the death of Martha D. Erwin you are instructed to pay the amount due on said certificates to said Martha D. Erwin for her sole use and benefit.       EMILY C. RUSK.

Witness: S. H. Bowman."

The bank gave Mrs. Rusk the following receipt for the certificate of December 20, 1905:

"JERSEYVILLE, ILL., *December 20th, 1905.*

"Received of Mrs. Emily Rusk our time certificate No. 371 for the sum of six hundred dollars, payable to herself or Martha D. Erwin, or survivor. Said certificate of deposit is to be held in escrow, and in the event of the death of Mrs. Emily Rusk before the death of Martha D. Erwin the amount due thereon is to be paid to said Martha D. Erwin.

THE STATE BANK OF JERSEYVILLE,
By S. H. Bowman, *President."*

A similar writing was given by Mrs. Rusk and a similar receipt given to her in connection with each of the other certificates. Mrs. Rusk was a very old woman at the time of her death. Her widowed daughter, Martha D. Erwin, together with the daughter's son, lived with Mrs. Rusk at the latter's home for more than thirty years before her death. After the certificates were issued interest was paid upon them during Mrs. Rusk's lifetime semi-annually to Martha D. Erwin, and two payments on the principal, of

$500 and $100, respectively, were also made to her. Besides the certificates in controversy Mrs. Rusk also had a certificate for $600, which she indorsed and delivered to her daughter on the day of its date. The Appellate Court held this certificate to be the property of Mrs. Erwin and no error is assigned as to it. There were also three other certificates, amounting to $2400, which Mrs. Rusk held, which were collected by Mrs. Erwin and accounted for as administratrix and there is no question as to them.

Both parties have assumed in their arguments that the money represented by the certificates was the money of Mrs. Rusk, and therefore we shall assume it, though there is no evidence in the record as to the source or ownership of the money. It was deposited in the bank, the certificates were issued in the form stated, and the writings were prepared by the president of the bank at Mrs. Rusk's direction. The form of the certificates indicates an intention to create a joint tenancy in the money. A joint tenancy is not confined to real estate but may exist in personal property. (*Attorney General* v. *Clark,* 222 Mass. 291.) The mother and daughter were equally entitled to withdraw the entire deposit. Each held during their joint lives subject to this right in the other, and upon the death of either the other held by the same title under the instrument creating the joint tenancy. The right of each party to receive from the bank payment of the money was the same and vested at the time the bank issued the certificates. No greater right accrued by the death of either party, but the right already existing in the survivor continued while that which had existed in the deceased ceased. There was therefore nothing in the nature of a testamentary disposition of property; no gift to take effect at the donor's death. Whatever right Mrs. Erwin had in the money was acquired from the certificates. The deposit of his own money in a bank by one person in the name of another does not pass the title to the fund to such other person where the depositor retains

the evidence of the deposit and the person in whose name the deposit is made has no knowledge of it and no means of withdrawing it. (*Telford* v. *Patton*, 144 Ill. 611.) This case is not of that kind. The deposits were made by Mrs. Rusk and the certificates were made specifically payable to her or her daughter or the survivor. These were lawful contracts, and if the certificates had been given into the manual possession of the daughter no doubt could exist of her right to receive and the bank's obligation to pay her the money. The certificates were, however, delivered to the bank with the written statement of Mrs. Rusk that they were payable to her daughter or herself or the survivor, and with express instructions if she died before her daughter to pay the amount due to her daughter for her sole use and benefit. The bank gave receipts for the certificates, and therein expressly agreed, in the event of Mrs. Rusk's death before her daughter's, to pay the amount due to the daughter. These writings constituted the contract on the part of the bank, Mrs. Rusk and Mrs. Erwin. They were not retained by Mrs. Rusk but were all left with the bank, presumably for the convenience of herself and Mrs. Erwin. The bank was authorized to pay Mrs. Erwin not merely as the agent of Mrs. Rusk but as a payee of the certificates. In pursuance of the contract the bank for several years paid the interest to Mrs. Erwin. She must have known the contents of the contract. The bank made two payments to her on the principal and after her mother's death paid her the balance remaining due. The writings clearly manifest Mrs. Rusk's desire that her daughter should have a joint interest with her in these sums of money and that the survivor should have the whole, and she therefore carefully made the contract whereby either could withdraw such sums as they might choose during their joint lives and the balance should go to the survivor.

In *Chippendale* v. *North Adams Savings Bank,* 222 Mass. 499, money was deposited in a savings bank payable to the

depositor or his sister, and the following words were inserted in the deposit book: "Either party, or the survivor of them, may draw the whole or any part now or hereafter deposited on this account, with interest." It was held that the deposit might be withdrawn by the sister at any time before or after the depositor's death and upon his death belonged to her and not to his estate.

In *Kelly v. Beers*, 194 N. Y. 49, it was held that a deposit in a savings bank by one person of her money in her name and the name of her daughter, or the survivor of them, imports on its face joint ownership by the depositor and her daughter with sole ownership by the survivor, but that it was not sufficient to establish the intent of the depositor to give to the daughter joint ownership of the deposit. The declarations of the depositor, however, that she desired to have her bank deposits fixed so that her daughter might draw them at any time during her life and have them at her death, and her subsequent actions in connection with the deposit, were considered sufficient to show her intent to give to her daughter an interest in the deposits. In this case the instructions of Mrs. Rusk and the receipts which she took from the bank sufficiently indicate her purpose and intent in making the deposits in the form in which they were made. The cases of *Negaunee Nat. Bank v. LeBeau*, 161 N. W. Rep. (Mich.) 974, *Deal's Admr. v. Merchants' and Mechanics' Savings Bank*, 91 S. E. Rep. (Va.) 135, *Blick v. Cockins*, 252 Pa. 56, and *Industrial Trust Co. v. Scanlon*, 26 R. I. 228, are to a like effect.

Martha D. Erwin was jointly interested in the certificates of deposit with her mother and upon the latter's death became entitled to receive the money as her own property.

The judgment of the Appellate Court will be reversed and that of the circuit court affirmed.

*Judgment of Appellate Court reversed.*
*Judgment of circuit court affirmed.*