(No. 15506.—Judgment affirmed.)

JOSEPH REDER, Plaintiff in Error, *vs.* EMMA REDER, Admx., Defendant in Error.

*Opinion filed April 14, 1924.*

1. GIFTS—*what necessary to prove gift inter vivos by deposit in bank.* In order that a deposit of money in a savings bank by one person to the credit of another shall operate as a gift *inter vivos* it must be proved that the gift was completed by an act or acts sufficient to pass the title.

2. SAME—*in the absence of declared intention there is no gift where certificate of deposit or bank book is not delivered.* Where a person deposits money in a savings bank to the credit of another

312–14

and the rule of the bank requires that money shall not be paid except on presentation of the bank book, or where a deposit is made and a certificate of deposit is taken payable to another person, the bank book or the certificate of deposit being retained by the depositor, the gift is not complete in the absence of any declaration of trust or showing of intention to vest title.

3. SAME—*when a gift is made by opening joint bank account.* Where a deposit is made in a savings bank in the name of the depositor and another, payable to either or the survivor of them, and the other person has possession of the bank book with authority to draw the whole or any part of the deposit, the gift is complete and the account is joint, so that during the lifetime of both parties either who has possession of the book may withdraw the deposit, and the donee, upon the death of the donor, is entitled to the amount undrawn.

4. BANKS—*what is a valid contract for joint account.* A transaction in which a depositor, in the presence of his wife, opens a joint account with her, "payable to both or either," and instructs the bank to "honor the signature of both or either, or the survivor, in the withdrawal of funds or any other transaction" in connection with the account, is a valid contract for a joint account with deposits and withdrawals made by both parties, and, although the entire original deposit was made by the husband, the surviving wife becomes the owner of the whole by virtue of the agreement.

THOMPSON, J., dissenting.

WRIT OF ERROR to the Second Division of the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding.

EUGENE HUSS, and VICTOR E. REHM, for plaintiff in error.

ALBERT N. CHARLES, and JOSEPH G. SHELDON, for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Peter Reder died intestate on February 5, 1918, and his widow, Emma Reder, was appointed administratrix of his estate. She filed an inventory, to which Joseph Reder ob-

jected on the ground that she had omitted to inventory the amount of a savings deposit in the Central Trust Company of Illinois, and prayed for a citation against her to compel her to include that deposit in the inventory. The probate court of Cook county overruled the objection of Reder and dismissed the petition. He appealed to the circuit court of Cook county, with the same result, and on a further appeal to the Appellate Court for the First District the judgment was affirmed. This court allowed a writ of *certiorari* to the Appellate Court for a review of the judgment of that court.

There is no disputed question of fact. On April 27, 1914, Peter Reder had a savings deposit with the Central Trust Company of Illinois and he then withdrew $5000 from that account. He proposed to open a savings account in the joint names of himself and Emma Reder, his wife, and told the bank official that he wanted the account in such a way that he and his wife could use it at all times, no matter what happened, and that either one could draw it after the death of the other. Peter and his wife were present and the savings account was opened and the $5000 deposited in their joint names, and the savings pass-book issued by the bank bore the words stamped on it, "Payable to both or either." A signature card was also signed by Peter and Emma, reading as follows: "We hereby open our account with you and authorize and instruct you to honor the signature of both or either, or the survivor, in the withdrawal of the funds or any other transaction in connection with this account." Other deposits were made thereafter from time to time by each, and the original deposit was exhausted. At the death of Peter there was a balance in the joint account of $7364.45, of which $1006.40 was money of Emma contributed to the joint deposit and $6358.05 was money of Peter. It was stipulated at the hearing that the original deposit of $5000 was the property of Peter, and "that no gift of the same, or any part thereof, was made to Emma

Reder during the lifetime of Peter Reder, other than by the agreement executed by the said Peter Reder at the time of opening said joint bank account, on April 27, 1914." The day after the death of Peter, Emma sent Adam Reder, a son of Peter and her step-son, to the bank with the savings pass-book and an order signed by her to draw $300. The bank paid the $300 and gave Adam a slip of paper to be signed, and the next day received the pass-book and gave Adam a new book in the name of Emma for the amount of the deposit.

Counsel argue the question whether, as a matter of law, the original and subsequent deposits and the agreement made by Peter Reder and Emma Reder, his wife, created a joint tenancy with a right of survivorship, and the Appellate Court considered that question, but it is of no importance whatever. The joint right of ownership, with the right of both or either, or the survivor, to withdraw the deposit was the subject of contract. Any question of joint tenancy or tenancy in common is entirely outside the issue. The question to be determined is whether the contract is valid.

Peter Reder and Emma Reder each made deposits in the joint account, and their rights are not to be determined under the rules governing gifts *inter vivos,* although the judgment of the Appellate Court may be readily sustained on that ground. It is true that in order that a deposit of money in a savings bank by one person to the credit of another shall operate as a gift *inter vivos,* it must be proved that the gift was completed by an act or acts sufficient to pass the title. Where a deposit is made and a certificate of deposit taken payable to another person, which is in the nature of a promissory note, and the depositor retains the certificate, title to the fund will not pass as a gift in the absence of any declaration of trust or showing of intention to vest title. (*Telford* v. *Patton,* 144 Ill. 611.) So if a person

deposits money in a savings bank to the credit of another and the rule of the bank requires that money shall not be paid except on presentation of the bank book, and the depositor retains the book and never delivers it, the gift is not complete, although a gift may be perfected without the delivery of the deposit book where the depositor in making the deposit shows by his acts and declarations his intention to make a gift and divest himself of all dominion over the money. (*Ide* v. *Pierce,* 134 Mass. 260; *Burton* v. *Bridge-port Savings Bank,* 52 Conn. 398; *Norway Savings Bank* v. *Merriam,* 88 Me. 146; *Gardner* v. *Merritt,* 32 Md. 78.) Where it is a mere gift the title passes on evidence that the depositor made the deposit and delivered the deposit book to the donee. (*Sweeney* v. *Boston Five Cent Savings Bank,* 116 Mass. 384.) In this case both Peter and Emma Reder had possession of the book as each one made deposits which were entered in it, and if the case is treated as one of gift by each to the other the gift was complete. In case of a deposit in a savings bank in the name of the depositor and another, payable to either or the survivor of them, and the other person has possession of the book with authority to draw the whole or any part of the deposit, the gift is complete and is a joint one, so that during the lifetime of both parties either who has possession of the book may withdraw the deposit, and the donee, upon the death of the donor, is entitled to the amount undrawn. (*Industrial Trust Co.* v. *Scanlon,* 26 R. I. 228.) In that case Patrick Scanlon had $1900 in the Bristol Institution for Savings, which he withdrew and re-deposited in the names of Patrick Scanlon and Dennis F. Scanlon and payable to either or the survivor. The Industrial Trust Company succeeded the Bristol Institution for Savings and issued a new book in the same form. The court said the joint ownership of personal property was common, and, citing various decisions, held that there was a complete gift. The court rejected

the argument against the vesting of a joint title based on the ground that the depositor could defeat the gift by drawing the deposit, and said that it might be replied that the donee has the same power if he has possession of the book.

Regardless of any rule of law concerning gifts as related to the portion of the funds deposited by Peter Reder, the judgment of the Appellate Court was right.

In *Chippendale* v. *North Adams Savings Bank,* 222 Mass. 499, cited in *Erwin* v. *Felter,* 283 Ill. 36, and *Illinois Trust and Savings Bank* v. *VanVlack,* 310 id. 185, there was a bill in equity to determine the title to a tin box containing four deposit books, two deposits being in the Hoosac Savings Bank and the other two in the North Adams Savings Bank. The contest was between Abbie Worthington, sister of Henry D. Williams, who made the deposits, and the administrator of his estate, and it was practically identical with this case. Williams in his lifetime had a deposit in the Hoosac Savings Bank, and by agreement with the bank and his sister, Abbie Worthington, withdrew the deposit and re-deposited it with an agreement that the deposit should be paid during his lifetime and that of his sister, or either of them, as they should call for it, wholly or in part, and the balance not withdrawn during their joint lives was to be paid to the survivor. The court decided that the contract was valid and vested title to the bank books and deposit in Mrs. Worthington upon the original depositor's death; that the case was not one of gift, and she took as survivor by virtue of the contract of deposit, so that compliance with the Statute of Wills was unnecessary. The court said that it was not a case of attempted gift of the property but a contract, by which either Williams or Mrs. Worthington could withdraw sums, in their discretion, during their joint lives, and the balance was to be withdrawn by and belong to the survivor, and Mrs. Worthington, the survivor, was the owner by virtue of the contract. The

same rule of law was declared in *Wisner* v. *Wisner,* 82
W. Va. 9; *New Jersey Title Guaranty and Trust Co.* v.
*Archibald,* 91 N. J. Eq. 82; *Kennedy* v. *McMurray,* 169
Cal. 287; *Kelly* v. *Beers,* 194 N. Y. 49; *Blick* v. *Cockins,*
262 Pa. 56; *Negaunee Nat. Bank* v. *LeBeau,* 195 Mich.
502; *McLeod* v. *Hennepin County Savings Bank,* 145 Minn.
299; 7 Corpus Juris, 640; 3 R. C. L. 714.

The only difference between this case and *Illinois Trust
and Savings Bank* v. *VanVlack, supra,* is in the date of
the deposit as related to certain statutes, and it was there
shown that such a contract as this is valid.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*


Mr. JUSTICE THOMPSON, dissenting:

When the original deposit here involved was made, in
1914, when the deposits which compose the fund in ques-
tion were made from time to time thereafter, and when
Peter Reder died, in 1918, it was not possible under the
laws of Illinois to create an estate in personal property with
a right of survivorship. (See for analysis of law my dis-
sent in the *VanVlack case,* 310 Ill. 194.) There was no
transfer of title to the money deposited by gift or otherwise
during the life of Peter and at his death it became a part
of his estate. All the money deposited when the rubber-
stamp agreement was signed was withdrawn before any of
the money now claimed by Emma was deposited. The opin-
ion does not show how title to this money passed from the
owner to the claimant.