### Levendosky, Administrator, *v.* Hiska.

[No. 12,156. Filed May 14, 1925.]

Gifts.—*Evidence held to prove gift by deceased to brother of certificates. of deposit.*—Evidence held to prove gift by deceased to his brother of certificates of deposit.

From Laporte Circuit Court; *John C. Richter*, Judge.

Action by John Levendosky, administrator of the estate of Stanislaus Hiska against George Hiska. From a judgment for defendant, the plaintiff appeals. *Affirmed.* By the court in banc.

*Sallwasser & Sallwasser*, for appellant.
*Theron F. Miller*, for appellee.

McMahan, J.—Complaint by appellant, administrator with will annexed of the estate of Stanislaus Hiska, against appellee for intermeddling with the assets of the estate and to recover the amount of four certificates of deposit which it is alleged belonged to the decedent and which appellee converted into cash after the decedent's death.

The facts were found specially to be in substance
as follows:    The decedent, a brother of appellee, died
July 4, 1923.    By his will he bequeathed all of his prop-
erty to his widow, by whom he had no children.    The
decedent had made deposit in a bank and received in
return therefor certificates of deposit payable "to the
order of Stanislaus Hiska or George Hiska or either
of them or the survivor of them" on the dates and
in the amounts as follows:    April 24, 1922, $500; Jan-
uary 3, 1923, $500; February 14, 1923, $2,950, and
May 8, 1923, $1,000.    Since September, 1921, the de-
cedent had made deposits in the same bank and received
certificates therefor payable to himself or appellee as
above stated.    The amount of deposits in that form run-
ning from $3,500 to $6,000.    When the first certificate
in that form was issued, the decedent requested the
bank to make the certificates in the name of himself
and his brother, the appellee herein, and the bank in
making out the certificates, inserted the words "the sur-
vivor of them" with a rubber stamp used for that pur-
pose and thereafter at interest paying times, the
original certificates were cashed by the decedent and
new ones in the same form were issued without fur-
ther instructions.    All of the money so deposited and
when deposited belonged to the decedent.    In October,
1922, the decedent, when at the home of appellee, gave
the latter his valuable papers, including the certificates
of deposit then in existence, to be placed in appellee's
safe for safe keeping.    Appellee was the trusted finan-
cial adviser of the decedent, had the custody of his
valuable papers, and had transacted considerable busi-
ness for him.    Sometime in May, 1923, the decedent
delivered the four certificates representing the first four
deposits above mentioned to appellee, and instructed
him to keep them, and if he, at any time, needed money,
to cash them.    And in that month, the decedent told

a neighbor he had made provision for his wife after his death and had given appellee certificates to the amount of about $6,000. After the delivery of the four certificates to appellee in May, 1923, they remained in appellee's possession until July 6, 1923, when he went to the bank and cashed them, receiving therefor $5,014.49, which he then deposited in the bank in his own name. More than a year before the decedent died, appellee, at the decedent's request, went with the latter to the bank, and, at that time, the decedent introduced appellee to the employees of the bank and instructed them to put the money then on deposit in the name of himself and appellee, and at that time appellee signed his name on an identification card or in a book for the purpose of enabling the bank to identify his signature. Upon these facts, the court concluded as a matter of law that the decedent had made a gift of the four certificates of deposit to appellee, and that the latter had accepted the same and was entitled to the money named therein.

Appellant insists that the court erred in each conclusion of law, and in overruling his motion for a new trial. These contentions are grouped together immediately following that part of the brief headed "Points and Authorities." There is no claim that the facts found are not sufficient to sustain the conclusions of law. Each of the points and the authorities cited in support thereof relate to the failure on the part of appellee to prove all of the elements necessary to establish a gift. The particular elements which appellant contends were not proven are: (1) An intention on the part of the decedent to make a gift of the certificates to appellee; (2) that the gift went into immediate and absolute effect; and (3) delivery of the certificates to appellee.

In *Kelly* v. *Beers* (1909), 194 N. Y. 49, 86 N. E. 980,

128 Am. St. 543, a mother was the sole owner in her individual name, of a bank deposit subject to check. She asked an official of the bank if she could not have her account fixed so that either she, or a daughter could draw the money at any time, and so that if anything happened to her, the daughter could get the money. The official told her to bring the daughter to the bank and he would "fix it up." Later she and the daughter went to the bank, where she introduced the daughter to the officer of the bank, and told him that she wanted to fix her bank book up as previously talked about. This officer, after telling the mother that he would close out the old account and open a new one and put it in the name of the mother or daughter, or the survivor of them, had her draw a check for the amount of the old account and surrender her pass book. The mother was then informed that either of them could draw the money out any time and, in case of death of one, the survivor became the absolute owner. The daughter's signature was taken and a new pass book issued indicating that the account was in the name of the mother and daughter or the survivor. The court, after holding that the daughter had shown, as a matter of law, that it was the intention of the mother to make the daughter a joint owner of the money on deposit, said: "The possibility of so fixing a bank account that two persons shall be joint owners thereof during their mutual lives and the survivor take upon the death of the other is so well established that we may assume and need not discuss it. I think also it is apparent that it must be conceded that the account in question on its face imports such joint ownership by appellant and the deceased with final sole ownership by survivorship."

In *Deal's Admr.* v. *Merchants, etc., Bank* (1917), 120 Va. 297, 91 S. E. 135, L. R. A. 1917C 548, the deposit was in the name "Martha S. Deal or Ellen C. Hol-

land." The money which was deposited belonged to Mrs. Deal, who requested a friend to deposit the money in bank, saying she did not expect to live long, and that she wanted the money to go to her sister, when she died. After Mrs. Deal's death, the administrator of her estate began action against the bank and Mrs. Holland to recover the balance of the deposit. It was there held that when the deposit was made by Mrs. Deal for the benefit of herself and her sister, Mrs. Holland, it was, in legal effect, a loan by the two to the bank, that the bank was a debtor to them, and that it was a matter of pure contractual relations so that no question of gift arose in determining the rights of the parties. It is not necessary for us to either approve or disapprove the doctrine announced by the court in that case. If the action had been by the survivor, Mrs. Holland, against the bank, there might be good reason for holding, as between them, that it was a matter of contract, but the same rule might not apply as between the survivor and the administrator.

In the instant case, appellee contends the decedent had made him a gift of the certificates of deposit, while the appellant claims there has been no gift. The case was tried upon the theory that appellee's rights depended upon the fact that a gift had been made. The court decided the case upon that theory and the parties on appeal rest their respective contentions on the question of there being a gift. Our determination of the appeal will, therefore, be based upon the question whether the evidence is sufficient to sustain a gift.

In *Erwin* v. *Felter* (1918), 283 Ill. 36, 119 N. E. 926, L. R. A. 1918E 776, where one person deposited money in a bank and took a certificate payable to herself or another or the survivor, the court held there was a joint tenancy with equal title in each and that the title vested in the survivor on the death of the other. "The

form of the certificates," said the court, "indicates an intention to create a joint tenancy in the money."

In the instant case, a neighbor of the decedent testified that the decedent told him he had given appellee certificates amounting to six or seven thousand dollars. There is evidence that the decedent told the banker that he wanted the certificates made out in the name of himself and appellee and in case he died, he wanted appellee to have the money. He took appellee along with him to the bank and, in his presence, told the banker what he wanted. The bank made out the certificates and explained the legal effect of a certificate of that character, and took the signature of appellee for identification. Later, the four certificates were given to appellee by the decedent, and after the death of decedent, appellee went to the bank and cashed them.

The evidence is ample to prove a gift of the money to appellee.

Judgment affirmed.