## WALTER E. DUNHAM, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 66308. Promulgated April 6, 1933.

*Nelson Trottman, Esq.*, for the petitioner.
*Frank A. Surine, Esq.*, for the respondent.

OPINION.

ARUNDELL: The joint checking account of petitioner and his wife was opened in 1923, and maintained throughout 1929, pursuant to an understanding of many years that each would have an equal interest in the income of the other. The Illinois courts hold that deposits made in a joint bank account by one of the payees under the circumstances present here constitutes a gift to the other, and that the rights of the parties in the account are equal. *Illinois Trust & Savings Bank* v. *Van Vlack*, 310 Ill. 185; 141 N. E. 546; *Reder* v. *Reder*, 312 Ill. 209; 143 N. E. 418. The title of the payees in such an account has been held to be a vested interest. *Burns* v. *Nolette*, 83 N. H. 489; 144 Atl. 848.

It was from this account, in which each had an equal interest, that the petitioner and his wife decided to withdraw funds to open and maintain a marginal stock-trading account. They agreed upon not only the initial deposit made with the broker, but the several others made during 1929 from funds withdrawn from the account. The

agreement of the wife was obtained for all purchase orders issued to the broker.

The uncontradicted testimony of the petitioner and his wife is that before entering into the stock-dealing venture they agreed that the benefits therefrom would be shared equally. Under this agreement, the wife was entitled to one-half of the profit from sales of stock held in the account. The fact that the stock account was in petitioner's name is not important. The gains realized from sales of stock credited to the stock account were held in trust for the joint owner. *Hewlings Mumper*, 13 B. T. A. 977.

The respondent erred in taxing the petitioner on more than one-half of the profit of $23,884.75 realized in 1929 from the sale of stock in the account. *Carl W. Gillette*, 18 B. T. A. 434; *First National Bank of Duluth*, 13 B. T. A. 1096; *Francis Krull*, 10 B. T. A. 1096.

The case of *Stanley Pedder*, 20 B. T. A. 11, affirmed in 60 Fed. (2d) 866, relied upon by the respondent, is clearly distinguishable. There was no proof in that case, as there is here, that the wife was to have a one-half interest in the property purchased from funds withdrawn from the joint bank account.

*Decision will be entered under Rule 50.*