(No. 31007.—

IN THE MATTER OF THE ESTATE OF ERNEST G. WILSON, Deceased.—(DONALD P. WILSON *et al.,* Appellees, *vs.* MARY ALDAH WILSON, Exrx., Appellant.)

*Opinion filed Sept. 22, 1949—Rehearing denied November 21, 1949.*

JOHN W. FREELS, and HERBERT J. DEANY, both of Chicago, and EVA L. MINOR, of Kankakee, for appellant.

GOWER, GRAY & GOWER, and DYER & DYER, both of Kankakee, for appellees.

Mr. JUSTICE GUNN delivered the opinion of the court:

On March 10, 1943, Dr. Ernest G. Wilson and Mary Aldah Wilson rented two safety-deposit boxes in the First Trust & Savings Bank of Kankakee, numbers 371 and 1236, and in addition to the printed lease card signed by Dr. and Mrs. Wilson and left with the bank, there was stamped on said card the following: "As joint tenants with the right of survivorship and not as tenants in common." There was also a joint checking account in said bank, and the signature card signed by both Dr. and Mrs. Wilson authorized either to draw funds from said account. Also stamped on this signature card were the words, "As joint tenants with the right of survivorship and not as tenants in

common." All of these cards were left with the bank, and were produced by an officer of the bank. Wilson died September 24, 1946. When the boxes were opened, No. 371 contained $36,896 in currency. Admittedly, Dr. Wilson made the money that was found in the box. Also in this box was a paper in the handwriting of Dr. Wilson, as follows: "There is $37,000 in this box and it is a joint tenancy between my wife, Mary Aldah Wilson, and myself, E. G. Wilson, M.D., 6-11-46." In the other box, No. 1236, were three $500-U.S. bearer bonds, and $5625 in U.S. government E bonds, payable to Dr. Wilson and Mrs. Wilson. The joint checking account had in it $1837.52, at the time of Dr. Wilson's death.

Dr. Wilson left a last will devising his property, one half to his wife, Mary Aldah Wilson, and the other half to two children of his former wife, equally. The wife was made executrix of the will, and as such failed to inventory any of the property contained in the safety-deposit boxes, or in the bank account. A petition was filed in the county court of Kankakee County to require the executrix to inventory such property, but Mary Aldah Wilson answered that she owned it individually by reason of being the survivor of a joint tenancy in the contents of the boxes and of the bank account. The county and circuit courts of Kankakee County agreed with her contention. The Appellate Court held that Mrs. Wilson was not entitled to the contents of the boxes as the survivor of a joint tenancy in their contents, but that the money in the bank account was properly held to be hers by virtue of the contract of deposit. We have allowed an appeal to this court.

The most controverted question arises out of appellant's claim to be the owner of the money and bearer bonds in the safety-deposit boxes. The ownership of the $5625 E bonds does not seem to be in controversy. Counsel have displayed industry and learning in discussing the principles underlying joint tenancy, its statutory history, and dis-

tinctions between those applying to real property and those to personal property, but in our opinion the correct solution is to be found in properly applying the provisions of section 2 of the statute on joint rights and obligations. (Ill. Rev. Stat. 1947, chap. 76, par. 2.) The part of this statute applying to the contents in the safety-deposit boxes reads as follows: "Except as to executors and trustees, and except also whereby will or other instrument in writing expressing an intention to create a joint tenancy in personal property with the right of survivorship, the right or incident of survivorship as between joint tenants or owners of personal property is hereby abolished, and all such joint tenancies or ownerships shall, to all intents and purposes, be deemed tenancies in common." The balance of the section relates to joint bank deposits, or securities issued in the names of two or more. These have no application to the currency and bearer bonds involved here

This statute clearly and unequivocally abolishes the *incident* of *survivorship* in joint tenancies of personal property, except in special instances enumerated, *viz.,* property held by executors and trustees, and in cases where, by a will or other instrument in writing, personal property is conveyed with an intention disclosed that the holders are joint tenants with the right of survivorship. This statute allows survivorship to exist as an exception to the general rule, abolishing it as affecting personal property. The person claiming personal property as the survivor of a joint tenancy has the burden of showing he comes within the exceptions where the incident of survivorship is permitted. Let us therefore look at the requirements of the statute which would allow the survivor of joint renters of a safety-deposit box to claim ownership of its contents by reason thereof.

First, the instrument must be a writing, as the statute recites "whereby will or other *instrument in writing* expressing an intention to create a joint tenancy in personal

property," etc. Appellant substantially contends that any writing, regardless of form, complies with the statute, but aside from the fact that the statute carries an inference that the writing should have the general requirements of a will as to description of property, parties, and certainty of its objects, it should at least be something similar to the requirements of law relating to the conveyance of goods and chattels upon consideration not deemed valuable in law. This statute provides transfers of goods and chattels without valuable consideration must be by will or by deed, as in the case of real estate, or by possession remaining *bona fide* in the donee. (Ill. Rev. Stat. 1947, chap. 59, par. 6.) The public policy manifested by both acts is directed against secret transfers and as an aid to creditors, so it would seem reasonable to believe the General Assembly intended the instrument in writing mentioned, to describe the personal property intended to pass to a survivor of joint box renters, and not leave it to an ambiguous document which conveyed nothing presently, but would operate prospectively at the time of death, whether soon or remote, on any personal property in the box.

Further, the instrument in writing must express an intention to create a joint tenancy in *personal property* with the right of *survivorship*. Appellant claims the rental receipt expresses the intention of creating a survivorship in personal property found in the safety-deposit box. If it be conceded the stamped words, "joint tenancy with right of survivorship," indicated something was to be taken by a survivor, the subject matter is left to conjecture, as no chattel property is described or even mentioned. The box contract does not purport to convey anything, but merely acknowledges the lease or rent of an empty box. Moreover, this exhibit was not a contract between Dr. and Mrs. Wilson, but one between the Wilsons, on one part, and the bank, on the other. So, while the subject matter was an empty box, the parties, *viz.*, the bank and the Wilsons,

mutually agreed it was rented jointly and with right of survivorship, which contract by ordinary rules of construction could only apply to the subject matter of the contract, *viz.*, the use of a safety-deposit box. No property is described, and nothing purports to transfer goods or chattels from one party to another. To support the contention of appellant we must hold that a writing, delivered to the bank as the other party to the contract, conveyed, as between the husband and wife, all contents then or thereafter found by the survivor in the leased box.

To do this we must reform the contract by adding something the parties did not put in it. We think the statute authorizes personal property to be held in joint tenancy with the right of survivorship only as an exception to the general provision abolishing survivorship in personal property in such cases. To create the incident of survivorship the parties must comply with the statute. There must be a transfer to the joint tenants of personal property. It must be identified and described. The transfer must be by written instrument specifying such to be the purpose, and finally, if the property transferred is money or currency, the amount must be specified at the time title passes to the joint tenants. There is no principle of which we are aware which permits the transfer of undefined amounts of money, varying from time to time, by the mere designating of one party to a contract of renting as "joint tenants with right of survivorship." The legislature never intended the words "instrument in writing" to be other than what is ordinarily required for the purpose. The means used in the present case to rent a safety-deposit box from a bank by a contract between it and its lessees, cannot be considered as a transfer of ownership or title to its contents merely because the parties have had stamped on the contract that the lessees are joint tenants with right of survivorship as one of the contracting parties.

Appellant relies on *Erwin* v. *Felter*, 283 Ill. 36, *Illinois Trust and Savings Bank* v. *VanVlack*, 310 Ill. 185, and *Reder* v. *Reder*, 312 Ill. 209, to sustain her contention. It is to be observed that all of these cases involved joint bank deposits, for which a separate provision is made by section 2 of the statute on joint rights and obligations, which permits a bank to accept deposits payable on demand to one or more, and accept the receipt or acquittance of any one as a full discharge from all, when an agreement providing such payment is signed by all said persons at the time the account is opened, or thereafter. Counsel contends that provision requiring a writing signed by the depositors for such purpose, while required by the act of 1917, was deleted from the present statute. They fail to observe that the requirement is still there, but transposed to a different part of the section. A like provision is made in the statute for the payment of dividends or earnings of stock jointly held when there is an agreement in writing signed by such joint owners.

The rather obvious answer to the claim that to create a survivorship in personal property does not require a specific contract for that purpose, but only a writing expressing such intention, lies in the fact that the chattel personal property made subject to this statute may be furnished by the contracting parties, or either of them, or by a third party; but, however supplied, there must be a writing expressing the intention of creating a joint tenancy with the right of survivorship. A bank deposit or security left with the bank is, however, in existence, and payable, or delivered according to the contract with the bank. There is no doubt as to its identity. As to undescribed chattel property, however, who can declare such intention but the owner, and how can a writing disclose it except by making it the subject matter by a contract, transfer, conveyance, or other ordinary means, used to effect such a purpose?

The recital of the capacity in which parties rent a safety-deposit box from a bank does not express an intention to make a joint tenancy of its contents some years thereafter. The precise question discussed has not been previously decided by this court, but reason and logic require us to hold there has been no transfer of the title of the money and bearer bonds in box No. 371, in a manner conformable to statute, to enable appellant to claim same as survivor. The courts of other jurisdictions have also decided that renting a lockbox in a bank in the name of two or more persons, as joint tenants with the right of survivorship, does not on the death of one vest the personal property in the box in the survivor. (*Mercantile Safe Deposit Co.* v. *Huntington*, 35 N. Y. Supp. 390; *Gilkinson* v. *Third Ave. R. Co.* 63 N. Y. S. 792; *In re Brown*, 149 N. Y. Supp. 138, *affirmed* 217 N. Y. 621, 111 N.E. 1085; *Black* v. *Black*, 199 Ark. 609, 135. S.W. 2d 837; *In re Estate of Wohleber*, 320 Pa. 83, 181 Atl. 479.) We are in accord.

The question of whether the four unities of time, title, interest and possession necessary to create a joint tenancy in real estate must be present to create one in personal property has been argued by both sides. It has no relevancy here because there must first be a transfer of some kind before the character of the estate can be decided. No joint estate to the property in the safety-deposit boxes having been created by the rental contract with the bank, no occasion occurs making it necessary to decide this question. We might comment in passing that the latest pronouncement of this court affecting personal property, *Hood* v. *Commonwealth Trust and Savings Bank*, 376 Ill. 413, indicates that the four unities must coexist to create a joint tenancy in personal property.

The statute makes it clear that to create a survivorship by a joint owner of personal property there must be a written instrument not only creating the estate, but ex-

pressing the intention of giving it the incident of survivor-
ship, and the burden is on the claimant to establish this
claim by clear and unequivocal evidence. (Ill. Rev. Stat.
1947, chap. 59, par. 6; *Rothwell* v. *Taylor,* 303 Ill. 226.)
Inherent in the general type of cases involved here is the
desire upon the part of a living person to have the benefit
of testamentary disposition of his chattel property with-
out a will, and at the same time retain dominion during
his lifetime. We hold that the currency and bearer bonds
in the safety-deposit boxes should have been inventoried by
the executrix.

Appellant also relies upon the writing found in the box
signed by the husband, shortly before his death, stating
there was $37,000 therein, and that it was a joint tenancy
between himself and his wife. It is no part of any con-
tract. It is simply a declaration. It does not comply with
the statute in expressing an intention of survivorship, nor
does it purport to be a transfer in and by itself. One of
the fundamental principles underlying joint tenancies is,
whether they be in real estate or personal property, they
must be created by grant or will. (2 Blackstone, 180 and
241; 17 Ency. of Law, 654; 14 Am. Juris. 82; *Deslauries*
v. *Senesac,* 331 Ill. 437.) This necessarily requires that
the creation of the estate must be by a writing, and since
it has been the common law, it is by express enactment a
part of the law of Illinois. In addition, under section 2,
chap. 76, an instrument in writing, showing an intention
of survivorship must transfer or convey the property in-
volved to someone. The writing found in the box does
not do this. It merely declares. something as an existent
fact without saying how the existent fact, *viz.,* the transfer,
had been accomplished. It apparently is declaratory of
what the parties assumed was effected by the rental contract
with the bank.

If, however, we assume that the writing found in the
box was sufficient to amount to a transfer, with the requi-

site intention disclosed, it fails to comply with section 6 of the Statute of Frauds, which requires that a transfer between husband and wife, where there is no valuable consideration, shall be deemed fraudulent unless certain formalities are followed. It is not claimed that the formalities necessary to comply with the statute have been followed; and, likewise, there is no showing a valuable consideration passed between Dr. Wilson and his wife. So, taking either alternative, that the writing is insufficient, or, on the other hand, if sufficient, were it not for the Statute of Frauds, it is wholly ineffective to accomplish what the parties evidently desired.

There can be no claim of a physical gift by delivery because the owner of the money at all times had the right of action, and could have taken it all, because there is nothing to show he had ever transferred it. It becomes more apparent than ever that the parties attempted to have all of the advantages of a will, and still retain absolute control over the property. This cannot be done.

It is further claimed that, though there was no joint tenancy, still the petitioner was entitled to one half of the property because of the law that if the transfer is ineffective by reason of the want of one of the unities to create a joint tenancy, if there is an actual transfer it will be a tenancy in common. This is sound law, but to accomplish his purpose there still must be a transfer of the property from one owner to another, or from an owner to himself and another. As pointed out above, this has not been accomplished by either of the writings.

The deposit account is governed by a different part of the statute, which reads: "provided, that when a deposit in any bank or trust company transacting business in this State has been made or shall hereafter be made in the names of two or more persons payable to them when the account is opened or thereafter, such deposit * * * may be paid to any one of said persons whether the other or

others be living or not, and when an agreement permitting such payment is signed by all said persons at the time the account is opened or thereafter the receipt or acquittance of the person so paid shall be valid and sufficient discharge from all parties to the bank for any payments so made." (Ill. Rev. Stat. 1947, chap. 76, par. 2.) The joint contract with the bank was signed by both Dr. and Mrs. Wilson, and was in accord with the requirement of the statute, and in addition bore thereon the words: "as joint tenants with the right of survivorship and not as tenants in common." This, under many authorities, constituted an agreement between the bank and the depositors by which the survivor took title by contract and not by gift at death of either. Under this statute, before amendment, when the language was not substantially different, we have held such deposit was properly paid to the survivor. (*Illinois Trust and Savings Bank* v. *VanVlack,* 310 Ill. 185; *Erwin* v. *Felter,* 283 Ill. 36; *Reder* v. *Reder,* 312 Ill. 209.) No occasion arises to elaborate the reasons given in those cases.

In view of the foregoing, the judgment of the Appellate Court for the Second District is affirmed.

*Judgment affirmed.*