### SENG v. CORNS.

Circuit Court, Lake County, Civil Appeal.

July 17, 1951.

Walter Warren, Leesburg, for appellant.

W. H. Poe, Orlando, for appellee.

T. G. FUTCH, Circuit Judge.

In 1934 Mathilda A. Seng and Helen S. Corns created a joint bank account in the Wilmette State Bank, Wilmette, Illinois. The record in this appeal from the county judge's court gives no history of the account from the day it was established until it was closed. On September 18, 1948, Mrs. Seng died intestate. On September 25, 1948, letters testamentary were issued to James T. Seng, as executor, by the county judge for this county. On October 2, 1948, Mrs. Corns, as survivor, had the balance in the joint account transferred to her personal account, and the joint account was closed. On February 14, 1949, James A. Seng, as executor, filed a petition in the court below alleging that the respondent, Mrs. Corns, had a certain sum of money in her possession which belonged to the estate of Mrs. Seng and which she refused to surrender to him as executor.

The petition does not reveal and the petitioner offered no testimony or proofs of any kind to reveal the basis of the petition to the court. Respondent took the deposition of W. B. Robinson, Jr., cashier at the Wilmette State Bank and elicited the information stated above concerning the joint account. The only evidence offered by the petitioner was the deposition of Virginia S. Allen but the testimony therein is completely irrelevant to any issues stated by the petitioner in the pleadings on which the case was tried. At the trial and final hearing the issue was whether or not the joint deposit carried with it the right of survivorship under the law of the state of Illinois. Both parties submitted briefs and argued the case in the court below and in this court on that issue.

The joint bank account was established on July 21, 1934, and in creating the account Mathilda A. Seng and Helen S. Corns signed and delivered to the bank a joint contract, pertinent portions of which are set forth below—

### JOINT ACCOUNT

. . . is hereby authorized to recognize either of the signatures below in the payment of funds or the transaction of any other business.

. . . either one or both or the survivor to sign checks. The signature of either one to be sufficient for withdrawal of all, or any part of the funds standing to the credit of above account . . .

For more than 14 years the account was so maintained until Mrs. Seng's death, following which, as stated, Mrs. Corns caused the credit balance of the account to be transferred to her personal ac-

count and the joint account closed. It appears that the petitioner does not question the right and duty of the bank to make the transfer, else he would have called on the bank, rather than Mrs. Corns. It is certain that if Mrs. Corns had no right to make the transfer, then the bank and not Mrs. Corns is indebted to the estate, and Mrs. Corns in turn would be indebted to the bank.

Whatever right Mrs. Corns had to the credit balance in the joint account after Mrs. Seng's death is determinable by the law of Illinois. The applicable statute in that state reads as follows—

> * * * provided: that when a deposit in any bank or trust company transacting business in this state has been made or shall hereafter be made in the names of two or more persons payable to them when the account is opened, or thereafter, such deposit or any part thereof or any interest or dividend thereupon may be paid to any one of said persons whether the other or others be living or not, and when an agreement permitting such payment is signed by all said persons at the time the account is opened or thereafter the receipt or acquittance of the person so paid shall be valid and sufficient discharge from all parties to the bank for any payments so made.

The Illinois decisions interpreting the above provision are firm and constant, based on sound reasoning, giving effect to what the parties did and not what they may have thought they were doing. The provision was in effect when the Seng-Corns joint account was made, remained in effect through the years the deposit remained in the bank and was in effect when Mrs. Corns had the balance transferred to her personal account and the joint account closed. The contract of deposit quoted above is the controlling factor in this case. The statute requires four elements for execution—(1) deposit in bank, (2) in the names of two or more persons, (3) payable to the persons named, and (4) agreement permitting such payment signed by all parties at the time deposit is made or thereafter. It is important to note that the statute does not require that the agreement mention the terms "survivor or survivors." The contract as defined by the statute creates the survivorship. The contract or agreement signed by Mrs. Seng and Mrs. Corns contains the four requirements of the statute, as follows—(1) a bank deposit in the Wilmette State Bank, (2) in the names of Mrs. Seng and Mrs. Corns, (3) payable to Mrs. Seng or Mrs. Corns, and (4) agreement permitting such payment signed by the parties at the time of the deposit. It should be noted that in addition to the statutory requirements the agreement includes the following provision—"or the survivor to sign checks."

In re Wilson's Estate, a leading Illinois case, is directly in point, stating clearly the law of that state and the reasoning followed, the

opinion of the Illinois Appellate Court reported at 82 N. E. 2d 684, and that of the Illinois Supreme Court at 88 N. E. 2d 662. The deposit contract in that case is set forth in the appellate court's opinion, 82 N. E. 2d at page 686, and is identical with the wording of the contract here involved except that it included the following— "as joint tenants with right of survivorship, and not as tenants in common." In its opinion the Illinois Supreme Court said—"The joint contract with the bank was signed by both Dr. Wilson and Mrs. Wilson, and was in accord with the requirements of the statute, and *in addition* bore the words 'as joint tenants with the right of survivorship, and not as tenants in common'." (Italics added.) Accordingly the decision would have been the same without the additional words.

The case deals with two classes of personal property and two different phases of the banking business as well as two distinct statutory provisions. The first class of personal property was in actual money and United States bonds deposited in two safety deposit boxes. As to this personal property the following portion of the joint rights and obligations act could be applied—"Except as to executors and trustees, and except also where by will or other instrument in writing expressing an intention to create a joint tenancy in personal property with the right of survivorship, the right or incident of survivorship as between joint tenants or owners of personal property is hereby abolished, and all such joint tenancies or ownerships shall, to all intents and purposes, be deemed tenancies in common." The second class of personal property was a credit balance in a joint bank account and the court applied the provisions of the same statute hereinabove quoted, the appellate court in its opinion stating—"The checking account is governed by a principle not involving the question of joint tenancy." Both the appellate and the court of last resort in that state held that the contract was in accord with the statute, and the wife as survivor took title to the joint bank deposit by reason of the joint contract of deposit with the bank and not by reason of joint tenancy. It is thus clear that a special and distinct right of survivorship is created by the law of Illinois relating to joint bank deposits.

The proofs in this case clearly establish the right of Mrs. Corns under the Illinois law to the balance of the joint account. Having reached this conclusion it is unnecessary to consider any other phase of the case presented by the assignments of error. The judgment of the trial court is reversed with directions to enter an order in compliance herewith dismissing the petition of James T. Seng, as executor of the estate of Mathilda A. Seng, deceased.