In the Matter of the Estate of L. R. Smith, Deceased. Lola Stegeman, et al., Petitioners-Appellees, v. Isabel Smith, Respondent-Appellant.

Gen. No. 10,869.

Fourth District.

December 21, 1967.

James N. Keefe, of Quincy, for appellant.

John T. Inghram, and H. David Condron, of Quincy, for appellees.

TRAPP, J.

This is an appeal from an order of the Circuit Court determining ownership of various items of personal property claimed by the executor of the estate of L. R. Smith as property of the estate and claimed by Isabel Smith, the widow of L. R. Smith, as her own property.

The court found certain Gorham pattern silver, certain property which Mrs. Isabel Smith brought to the marriage, and a watch to be the sole property of Mrs. Smith. There appears to be no real dispute about these items.

There is dispute as to the other articles consisting of a $500 ladies' diamond ring, furniture purchased from a joint bank account funded by the decedent, furniture purchased from funds of the L. R. Smith Motor Company which, for practical purposes, was a proprietorship of L. R. Smith, and furniture purchased with funds of Mrs. L. R. Smith.

■ The $500 ladies' diamond ring was one of two diamond rings obtained by L. R. Smith Motor Company as part of a trade-in on an automobile. Mr. Smith gave these to Mrs. Smith with directions to take them to St.

Louis and trade them in on some jewelry she might want. Mrs. Smith did not trade the items, but Mr. Smith traded one of them on a watch which he gave to her. She kept the other ring and did not trade it. This is the ring in dispute. The court, largely by reason of the court's finding that personal property of the parties was not identified as to ownership during the marriage, held this ring to be common property. We do not view the ring, which was delivered with authority to make complete disposition of it for such a personal item as jewelry, in the same light as the other property which the trial court determined was treated as common property. We believe this would be commonly understood to be a gift, and so hold.

■ Certain furniture was purchased while the parties were living together from a joint bank account for which the husband furnished the funds. The trial court was justified in finding that the parties treated such furniture as common property. It consisted of kitchen furniture, a bedroom set, a card table, lamps, a buffet, and a silver set, which both parties would use in a home. The court found that this treatment by the parties was the same as to furniture purchased with funds of the L. R. Smith Motor Company and furniture purchased from Mrs. Smith's sole bank account. Absent any attempt by the parties to distinguish the property, we believe this finding is justified. There are practically no reported precedents with regard to establishment of a tenancy in common in distinguishable items of personal property. Here, separate funds of each, as well as joint funds, were used to purchase furniture of various kinds which were possessed and used by both parties.

The widow contends that her husband made a gift to her of all of the furniture, including carpeting. The trial court held that evidence of a separate gift of each item, which would be necessary to establish this position, was

lacking. The record supports this determination. The possession was a common possession.

Absent other clear indicia of ownership, we believe that the treatment of the property by the parties as common property constituted a proper basis for the finding of the court that the parties held this property as tenants in common.

■ As to the property purchased with joint funds during a five-month period when the parties were separated, the court found the situation was different. There is a basis in the evidence for this difference in that Mrs. Smith advised Mr. Smith that she didn't approve of it, and didn't want it around.

Counsel for Mrs. Smith contend that all furniture purchased with funds of the joint account should be treated as held in joint tenancy with the right of survivorship. We think that this contention must be decided adversely to appellant upon the basis of In re Estate of Wilson, 404 Ill 207, 88 NE2d 662. In that case the Supreme Court held that the creation of a joint tenancy in tangible personal property required a writing specifically describing the property and specifically referring to the incident of survivorship. The purchase of tangible personal property from a bank account held in joint tenancy does not create a joint tenancy in the tangible personal property.

In order to find that the trial court erred in its determination that the furniture was held by the parties as tenants in common, we would be compelled to hold that the original ownership of the funds was determinative of the title to the furniture, or that Mr. Smith specifically gave the various items to Mrs. Smith as a gift. While source of funds is frequently an important item in the determination, we do not find it appropriate to make this a conclusive test. Neither do we find substantial evidence of gift, except as to the diamond ring above referred to.

The order of the circuit court is affirmed, except as to the finding of ownership of the $500 ladies' diamond ring, and as to that item the order is reversed.

Affirmed in part; reversed in part.

SMITH, P. J. and CRAVEN, J., concur.