Rose Superat, Individually and as Administratrix of the Estate of Walter Superat, Deceased, Plaintiff, *v.* Sophie Dylawski, Defendant.

Supreme Court, Special Term, Bronx County, October 31, 1949.

*Giaimo & Nicolosi* for defendant.

*Hyman Rich* for plaintiff.

Di Falco, J. The action herein is one to impress a trust upon four Series E bonds issued by the United States Government in the name of Walter Superat, payable upon his death to the defendant Sophie Dylawski, and to compel the defendant, as the holder thereof, to collect the proceeds of the said bonds and turn the proceeds thereof over to her as administratrix of the estate of Walter Superat, to whom the bonds were originally issued.

The answer interposed includes a counterclaim demanding judgment against the plaintiff for possession of the bonds or for their value, in case possession thereof cannot be given to the defendant. Defendant now moves for summary judgment to dismiss the complaint and for judgment on the counterclaim.

It is the contention of the plaintiff that she is entitled to the proceeds of the bonds as administratrix because she is the surviving widow and that the bonds, as issued, violated the provisions of sections 18 and 83 of the Decedent Estate Law because they were issued with the express intention of depriving the plaintiff of her prospective rights as a surviving spouse. Plaintiff further claims that she is entitled to the proceeds of the bonds as a creditor because there was due to her at the time of the death of Walter Superat unpaid alimony in the sum of $2,040.

Bonds were issued in the following names: Walter Superat, 326 Starr Street, Brooklyn, New York, payable on death to Mrs. Sophie Dylawski, same address.

It further appears that in 1937 plaintiff was successful in a matrimonial action for separation against Walter Superat and was awarded the sum of $8 a week alimony. Walter Superat died intestate, leaving as the only people entitled to share in this estate the plaintiff Rose Superat and a brother and a sister.

The bonds, by their terms, are payable in the event of the death of the party to whom they were issued, to his designee therein named. It appears that decedent was encouraged to the purchase of these bonds and to making the disposition of the funds thereunder to the designee named by the fact that the contract obligation on the part of the Government was such that payment would be made absolute to the said designee.

The claim is made by plaintiff that this was an illusory transfer under the doctrine of *Newman* v. *Dore* (275 N. Y. 371) and, therefore, is void as it affects the rights of the decedent's estate. Inasmuch as the decedent died intestate section 18 of the Decedent Estate Law does not apply (*Murray* v. *Brooklyn Savings Bank,* 258 App. Div. 132).

Under the form in which the bonds were issued, the designee or beneficiary therein acquired a present interest at the time the bonds were issued and purchased by the deceased. Whatever force the doctrine of *Newman* v. *Dore* (*supra*) and *Deyo* v. *Adams* (178 Misc. 859) might have is effectively destroyed by section 24 of the Personal Property Law, wherein the State of New York enacted in statutory form the effective limitations

imposed by the United States Government, and in which it is provided that the right of the person designated to receive payment of the bond shall not be defeated or impaired by any statute or rule of law governing transfer of property by will, gift or intestacy. (See *Matter of Amols,* 184 Misc. 364; *Matter of Kalina,* 184 Misc. 367, appeal dismissed 270 App. Div. 761; *Matter of Hager,* 181 Misc. 431; *Matter of Staheli,* 57 N. Y. S. 2d 185, affd. 271 App. Div. 788.)

Under the circumstances, there is no merit to the complaint and the application of the defendant for judgment dismissing the complaint and for judgment on the counterclaim is granted. The cross application of the plaintiff is in all respects denied. Settle order.