In the Matter of the Accounting of HARRY PERLMUTTER, as Executor of BENJAMIN PERLMUTTER, Deceased.

Surrogate's Court, Queens County, June 8, 1950.

*Binder Brothers* for executor, petitioner.

*Charles J. Costabell,* special guardian for Barbara Perlmutter, an infant.

*Bertram Schwartz,* special guardian for Rhoda Bart and another, infants.

SAVARESE, S. In this accounting proceeding a determination is sought as to the validity and effect of a notice of election filed by the testator's widow. It is conceded that the elector is his

widow and that the notice was properly and timely filed in accordance with section 18 of the Decedent Estate Law. The only controversy relates to the composition of the " estate " against which she is entitled to elect.

When the testator made his will on June 6, 1941, he was a widower with an infant daughter. He left his entire estate in trust for her benefit until she attains the age of thirty years when the principal is to be paid to her if living. If not, her issue are to take, but if none survives her then the remainder is to pass as she shall appoint by will, and in default of appointment to a restricted class of nephews and nieces who now number nine. Between the date of his will and his death on March 15, 1948, the testator married the person who is his widow and by her had another daughter. The latter is unprovided for by any settlement and is neither mentioned nor provided for in the will. It is conceded that she is entitled to one third of the estate as in intestacy pursuant to section 26 of the Decedent Estate Law as an after-born child. The older daughter is now an adult and is married but has no issue and has not attained the age of thirty years.

The petitioning executor seeks a determination as to whether the proceeds of an insurance policy on the life of the testator payable to the widow as named beneficiary and the proceeds of a Totten trust savings bank account payable to the widow as beneficiary are to be considered in computing and paying the elective share to the widow. The special guardian for the after-born child makes no claim that either asset is to be so considered. The special guardian for two infant contingent remaindermen of the residuary trust concedes that the insurance proceeds are not chargeable against the elective share in any manner on the authority of *Matter of Weil* (73 N. Y. S. 2d 370). He contends, however, that the value of the Totten trust should be deducted from the elective share or that the estate should otherwise be given credit therefor.

As there is no provision in the will for the widow, she has the absolute right to take one third of the estate as in intestacy. Does the " estate " against which she is entitled to elect consist only of those assets which pass by virtue of the will, or are assets which pass from the decedent at his death by virtue of special provision of law or *inter vivos* contract also to be included?

An examination of section 18 of the Decedent Estate Law does not shed much light on this question because nowhere is there

any definition of the " estate " in which an electing spouse may participate. The elector's interest is variously referred to as a " share of the estate as in intestacy " (subd. 1), " intestate share " (subd. 1), and " elective share " (subd. 2). The closest the statute comes to a definition is in paragraph (a) of subdivision 1 where the maximum " intestate share " is fixed at " one-half of the net estate of the decedent, after the deduction of debts, funeral and administration expenses and any estate tax." (See *Matter of Peters,* 88 N. Y. S. 2d 142, affd. 275 App. Div. 950; *Matter of Kelly,* 86 N. Y. S. 2d 441, 444, and *Matter of Goldsmith,* 177 Misc. 298.) But this merely tells what may be deducted from the gross estate and does not disclose what the gross estate is to consist of. The special guardian for the two infant contingent remaindermen relies especially on the phraseology of the first sentence of paragraph (f) of subdivision 1 which is as follows: " Where the aggregate of the provisions under the will for the benefit of the surviving spouse including the principal of a trust, or a legacy or devise, *or any other form of testamentary provision,* is less than the intestate share, the surviving spouse shall have the limited right to elect to take the difference between such aggregate and the amount of the intestate share, and the terms of the will shall otherwise remain effective." (Emphasis supplied.) He argues that a Totten trust is " testamentary " in character. Assuming that to be true, it is not a " testamentary provision " within the meaning of the statute because it does not derive its legal force and effect from the will. (See *Matter of Totten,* 179 N. Y. 112.) He argues further that the emphasized phrase would have no meaning unless it was intended to include nonprobate assets because the preceding phrase covering " a legacy or devise " embraces all possible forms of disposition by the will itself. It would seem from a careful reading of the quoted sentence, however, that the Legislature did not intend to use the words "legacy or devise " in that sentence in such an all-inclusive manner. It was apparently referring to an *absolute* " legacy or devise ". This gives meaning to the first alternative: " the principal of a trust ", as well as to the third: " any other form of testamentary provision ". The latter was intended to include life estates, annuities, conditional legacies or devises, and so forth. There is another reason why a Totten trust is not a " testamentary provision ". The three alternative phrases each independently qualify the introductory clause of the sentence so that it might be read as follows: " Where the aggregate of the provisions

*under the will* for the benefit of the surviving spouse including * * * any other form of testamentary provision * * *." (Emphasis supplied.) In other words the "testamentary provision" referred to must be "under the will." Only by changing the punctuation and giving a distorted interpretation to the words used can any other meaning be derived from the quoted sentence. Furthermore, paragraph (f) of subdivision 1 by its own terms applies only where there is a limited right of election, and not, as here, where the right of election is absolute. The court therefore concludes from a reading of the statute that the Legislature did not intend to charge a surviving spouse with the value of nontestamentary benefits in fixing her elective rights.

The special guardian also places some reliance on the decisions interpreting section 18. He points to cases in which a surviving spouse has set aside, as to her, transfers made in favor of third parties by the decedent in his lifetime which the courts concluded were illusory and not real. (*Newman* v. *Dore,* 275 N. Y. 371; *Krause* v. *Krause,* 285 N. Y. 27; *Schnakenberg* v. *Schnakenberg,* 262 App. Div. 234; *Marano* v. *Lo Carro,* 62 N. Y. S. 2d 121, 125, affd. 270 App. Div. 999; *Steixner* v. *Bowery Sav. Bank,* 86 N. Y. S. 2d 747; *Hirschfield* v. *Ralston,* 66 N. Y. S. 2d 59.) Such transfers were usually revocable, amendable, and controllable *inter vivos* trusts or Totten trust savings bank accounts. In no case has a legatee or distributee other than an electing spouse succeeded in setting aside in whole or in part transfers outside the probate or administration estate in favor of the surviving spouse.

It is well settled that a surviving spouse cannot elect against property held in joint tenancy (*Inda v. Inda,* 288 N. Y. 315; *Matter of Lorch,* 33 N. Y. S. 2d 157, 169; *Hart* v. *Hart,* 194 Misc. 162), nor against United States savings bonds payable on death (*Matter of Kalina,* 184 Misc. 367, appeal dismissed 270 App. Div. 761), nor against the proceeds of insurance (*Mitchell* v. *Mitchell,* 265 App. Div. 27, affd. 290 N. Y. 779), nor against irrevocable or nonillusory *inter vivos* trusts or transfers (*Krause* v. *Krause,* 285 N. Y. 27, *supra*; *City Bank Farmers Trust Co.* v. *Green,* 160 Misc. 370, 380), nor against property over which the decedent merely had a testamentary power of appointment. (*Matter of Rogers,* 250 App. Div. 26, motion for leave to appeal denied 274 N. Y. 642.) It is also clear that she is not chargeable with exempt property set off to her by special provision of law (Surrogate's Ct. Act, § 200; *Matter of Curley,* 151 Misc. 664, affd. 245 App. Div. 255, affd. 269 N. Y. 548; *Matter of Sheppard,*

189 Misc. 367), nor with insurance payable to her (*Matter of Litt*, 73 N. Y. S. 2d 368), nor with property held by the entirety or in joint tenancy passing to her independently of the will. (*Matter of Curley*, 151 Misc. 664, 670, *supra*; *Matter of Kelly*, 86 N. Y. S. 2d 441, 446, *supra*; *Matter of Curley*, 160 Misc. 844.)

While it would seem equitable that if a surviving spouse has the right to elect against a Totten trust in favor of third parties she should be chargeable with the proceeds of such a trust payable to her, it is my considered opinion that the law gives no right to ordinary legatees or distributees to compel inclusion in the estate of a Totten trust. This view finds support in the opinion of the late Surrogate FOLEY in *Matter of Rosenfield* (76 N. Y. S. 2d 177, 180), wherein he stated: " The statutory share is confined only to the testamentary estate and not to any transfers or agreements made for the benefit of the surviving spouse by the maker of the will in his or her lifetime either by way of absolute conveyances, insurance policies or gifts or transfers made to take effect at death. The very arguments urged by counsel for the petitioner here were made to the Decedent Estate Commission [of which Surrogate FOLEY was chairman] in the preparation of the section and before its final enactment by the Legislature. These arguments were rejected." Surrogate FOLEY refused to charge an electing spouse with the proceeds of a Totten trust in her favor despite the prior holdings of the Court of Appeals in *Newman* v. *Dore (supra) and Krause* v. *Krause (supra)* which gave her the right to set aside such trusts in favor of other persons.

It is therefore held that neither the trust account nor the insurance proceeds are in lieu of the widow's intestate share, nor are they to be considered part of the estate for the purpose of computing said share. The after-born child is to receive one third of the distributable estate. The shares of stock listed in schedule A of the account as worthless may be abandoned. Account settled. Submit decree on notice.