Hiram Johnson et al., **Petitioners-Appellants,** v. Kathryn Mueller, Individually and as Administrator of Estate of Jordon Johnson, Deceased, Respondent-Appellee.

Term No. 51-O-4.

Opinion filed March 4, 1952. Released for publication April 4, 1952.

LINDAUER, LINDAUER & PESSIN, of Belleville, for appellants.

JOHNSON & JOHNSON, of Belleville, for appellee.

MR. JUSTICE SCHEINEMAN delivered the opinion of the court.

Involved in this suit are certificates of deposit for the aggregate sum of $18,000 issued by banks and made out to Jordan Johnson and/or Katie Miller, and payable to the order of either or the survivor; also $5,000 in certificates of deposit in the same names, payable to the order of either, but containing no words of survivorship.

The appellee, Kathryn Mueller, is the same person referred to in the certificates as Katie Miller; Jordan

Johnson was her uncle, a bachelor, who died intestate February 2, 1948. Appellee became the administrator of his estate, which included considerable other property, but she failed and refused to account for the said certificates, claiming them as her own.

Citation proceedings to compel the administrator to account for the certificates were heard in the probate court, and then *de novo* in the circuit court, where a decree was entered to the effect that the certificates containing the survivorship provision were the sole property of appellee, and the others were owned by her and the estate in equal shares. This appeal was perfected by some of the Johnson heirs, and there is no cross-appeal.

Other than the original citation petition, there are no pleadings involved. Considerable evidence was adduced as to the facts and circumstances. The error relied upon for reversal may be stated thus: Appellants contend all the funds in question belonged to Jordan Johnson, that any attempt by him to transfer an interest therein with the right of survivorship, is regulated by statute in this State, that there was no compliance with the statute, therefore, the court erred in failing to hold that all the funds represented by all the certificates belonged to the deceased's estate as a matter of law. Reference is made to *Estate of Wilson,* 404 Ill. 207 and cases therein cited, and some others.

The appellee, Kathryn Mueller, was called as a witness in her own behalf and objection was made that she was not a competent witness. Since she was the claimant to the funds, against the administrator and the heirs, she was incompetent under sec. 2 of chap. 51, Ill. Rev. Stat. [1951; Jones Ill. Stats. Ann. 107.068]. From other competent testimony we find the following facts:

Jordan Johnson was fond of his niece, Kathryn Mueller, and appreciated her many services and kind-

nesses, but made no contract to compensate her. About 1939 or thereafter he began to acquire certificates of deposit at banks in Lebanon, Mascoutah and O'Fallon. At each bank he told an official that he wanted his niece, Katie Mueller, to get this money and to put her name in the certificates. On several occasions in taking out additional certificates he repeated that, if anything happened to him, he wanted his niece to get the money. He told a number of friends what he had done, explaining that Katie did things for him and he wanted her to have the money.

All of the funds thus deposited belonged to Jordan Johnson. The banks did not require him or his niece to sign anything; no agreement was signed by them when the certificates were issued, or thereafter.

The evidence indicates the certificates were at sometime handed over to Katie Mueller. At the Lebanon bank, when a certificate was renewed, Katie would be with Jordan Johnson and would produce the certificate from her purse. She still had these certificates in her possession when Johnson died. The others, including those containing no survivorship clause, were found in his home after his death, but had been in her possession. Her sister saw them in her possession and thought she kept them from 1943 on, apparently unaware that they had been returned later to his home.

██ ██ Appellants objected to testimony concerning Johnson's statement and declarations, but in our opinion such evidence is admissible. It has long been recognized by the courts that people sometimes make deposits in banks in more than one name, for convenience only, and with no intent to change the rights in the money. Accordingly, the mere wording of a certificate or bank book is not usually regarded as conclusive, but surrounding facts and circumstances, and declarations of the depositor are admitted for the pur-

pose of determining whether or not there existed donative intent.

A leading case on this subject is *Kelly v. Beers,* 194 N. Y. 49, 86 N. E. 980, which has been repeatedly cited as authority by the Illinois Supreme Court. In that case, as here, the depositor told three banks of her intention in taking certificates with two payees and the right of survivorship. In one bank she gave only oral instructions, but the other had her signed statement thereof. It was held all her statements and declarations and the circumstances were admissible, that they showed donative intent, and the survivor was awarded all the funds in accordance with the wording of the certificates.

■■ But the appellants in this case contend that the right of survivorship in certificates of deposit cannot exist in Illinois unless the joint depositors both sign an agreement with the bank so providing. Reliance is placed upon our statute concerning Joint Rights and Obligations, ch. 76, Ill. Rev. Stat. That statute does abolish technical joint tenancy with right of survivorship subject to certain exceptions. In section 1 [1951; Jones Ill. Stats. Ann. 70.01] pertaining to real estate, the exception applies to deeds containing the declaration that the title pass not in tenancy but in joint tenancy. Section 2 [Jones Ill. Stats. Ann. 70.03] pertaining to personal property was added in 1917, and the exceptions apply to survivorship provided by a will or "other instruments in writing."

The provision in section 1 pertaining to real estate was originally in the conveyancing Act. It has never required that persons taking title with right of survivorship should sign anything. But section 2 added in 1917, while it restricted the right of survivorship in personal property to cases of a will or "other instruments in writing," contained a specific provision as to

bank accounts to the effect that a joint depositor could draw out funds whether or not the others were living, if there was an agreement to that effect signed by the parties. This section was revised in 1919 by deleting this requirement from the authority to withdraw the deposit, but added a similar provision in a new phrase pertaining to an acquittance of the bank. As thus revised the proviso reads:

"provided, that when a deposit in any bank or trust company transacting business in this State has been been made or shall hereinafter be made in the names of two or more persons payable to them when the account is opened or thereafter, such deposit or any part thereof or any interest or dividend thereon may be paid to any one of said persons whether the other or others be living or not, and when an agreement permitting such payment is signed by all said persons at the time the account is opened or thereafter the receipt or acquittance of the person so paid shall be valid and sufficient discharge from all parties to the bank for any payments so made."

■ This proviso clearly limits the requirement of an agreement signed by the parties to the matter of an acquittance of the bank which follows the conjunction "and." *Vaughan v. Millikin National Bank,* 263 Ill. App. 301; *Doubler v. Doubler,* 343 Ill. App. 643. To ascribe to this 1919 section the same meaning that was expressed in the repealed provision of 1917, not only requires distortion of syntax, but would also assume that the amendment was made without purpose or effect. In five other States where similar statutes were adopted, it has been held that a signed agreement is required only in connection with the release of the bank: *In re Morgan,* 28 Ohio C. A. 222; *Gordon v. Toler,* 83 N. J. Eq. 25, 89 Atl. 1020; *Marshall & Isley Bank v. Voigt,* 214 Wis. 27, 252 N. W. 355; *New Hamp-*

204

*shire Sav. Bank v. McMullen,* 88 N. H. 123, 185 Atl. 158; *Godwin v. Godwin,* 141 Miss. 633, 107 So. 13.

This leaves only the requirement that the right of survivorship be evidenced by a will or other instrument in writing. A certificate of deposit is an instrument in writing, and there is no more reason to imply that the payees must sign something to secure their rights, than there would be to infer that joint tenants of real estate must sign something in order to preserve the right of survivorship, or that the beneficiaries of a will establishing such rights would have to sign something in order to make the will effective.

Appellants contend the case of *Estate of Wilson,* 404 Ill. 207, announced a different rule. That case held that the fluctuating and unidentified contents of a deposit box could not be made the subject of a contract of survivorship. But in the box was a bank account book providing for survivorship, and the two depositors had signed an agreement concerning it, at the bank. The opinion cites the provision we have above quoted and says the statute was complied with and, therefore, the survivor was entitled to the balance in the account. While there is some wording which might be misconstrued, it is clear the court did not purport to announce a new rule as to certificates of deposit, for the opinion cites *Illinois Trust & Savings Bank v. Van Vlack,* 310 Ill. 185; *Erwin v. Felter,* 283 Ill. 36 and *Reder v. Reder,* 312 Ill. 209, and adds: "No occasion arises to elaborate the reasons given in those cases." Examination of those cases will disclose they do not support appellants' position.

*Erwin v. Felter* arose before the enactment of the statute in question and concerned certificates of deposit dated many years before taken out by Mrs. Rusk in her name and the name of Mrs. Erwin with the right of survivorship. The court held on page 39, "The right of each party to receive from the bank payment

of the money was the same and vested at the time the bank issued the certificates." These certificates had been left at the bank with written instructions by Mrs. Rusk and she had received a receipt from the bank agreeing to carry out her instructions. On page 41 the court refers to *Kelly v. Beers,* 194 N. Y. 49, 86 N. E. 980, previously mentioned, and called attention to the holding that the declarations of the depositor and her subsequent acts were considered sufficient to show her intent to give her daughter an interest in the deposits. Our Supreme Court then adds: "In this case the instructions of Mrs. Rusk and the receipt which she took from the bank sufficiently indicate her purpose and intent in making the deposits in the form in which they were made." The court clearly regarded the document signed by Mrs. Rusk as a substitute for other evidence concerning her intention.

This case was referred to in *Illinois Trust & Savings Bank v. Van Vlack,* 310 Ill. 185, wherein the court repudiated some wording pertaining to a technical joint tenancy, but otherwise held that the *Erwin* case was correctly decided. In this latter case the Supreme Court said of the *Erwin* case: "The certificates . . . evidence the intention of the parties . . . that the survivor should have the whole. Whether this constituted a technical joint estate or not, it was held that the contract was not unlawful but would be enforced." The Supreme Court then proceeded to uphold the transaction before it upon the authority of the *Erwin* case, and finally added a reference to the new statute concerning bank accounts on page 192, as follows: "This opinion might end here . . . it seems proper, however, to refer to the change in the statute since *Erwin v. Felter* arose." The court then referred to the statute as an additional reason to support its decision because, in the case before it, there was an agreement signed by the depositors. It is clear that this holding

206

was merely an additional support for the opinion already based on the *Erwin v. Felter* case, which had nothing to do with the statute.

The *Erwin* case was also referred to in *Bolton v. Bolton,* 306 Ill. 473 at 483, saying: "The controlling problem involved in a case like the one which is cited is to ascertain whether the depositor intentionally and intelligently created the condition embracing the necessary elements of survivorship." This case and *Reder v. Reder,* 312 Ill. 209, are both talking about the necessity of proving donative intent.

The briefs of the parties now before us argue the subject of technical joint tenancies, which we regard as irrelevant. For a full discussion of such terminology, see *David v. Ridgely-Farmers Safe Deposit Co.,* 342 Ill. App. 96, 114.

██ We conclude that, where there is clear and convincing proof of donative intent concerning certificates of deposit payable to the persons jointly and the survivor, the certificates are effective and the survivor is entitled thereto. If the joint depositors have signed an agreement concerning survivorship and left it at the bank, then no other proof of intention is required. But we cannot sustain appellants' contention that such a document is indispensable, it is merely a substitute for other proof. The circuit court's decree was correct as to the certificates containing provision for survivorship.

██ Those certificates which did not contain this provision are not covered in any way by statute in this State, and the only basis upon which appellee could claim title therein was that the certificates had been delivered to her. *Lindner & Boyden Bank v. Wardrop,* 370 Ill. 310. There was such evidence before the trial court which, if believed, would establish the requirements specified in that decision, and we cannot therefore sustain appellant's claim that the trial court

should be reversed as to these certificates either. Whether or not the appellee would be entitled to the entire fund represented by such certificates cannot be considered by this court, since no cross-appeal was taken.

*The decree of the circuit court is affirmed.*

CULBERTSON, P. J. and BARDENS, J., concur.