(No. 32771.—

LEOLA HOLMES, Appellant, *vs.* GLADYS MIMS *et al.,* Appellees.

*Opinion filed September 24, 1953—Rehearing denied Dec. 7, 1953.*

MAXWELL, J., took no part.

JAMES F. WHEATLEY, of East St. Louis, for appellant.

LOUIS BEASLEY, of East St. Louis, for appellees.

Mr. JUSTICE BRISTOW delivered the opinion of the court:

This is an appeal from the circuit court of St. Clair County wherein plaintiff, individually and as administratrix of the estate of James Isaac Holmes, failed in an effort to sustain any claim to a portion of her husband's estate. The title of real estate being involved, this court's jurisdiction is properly invoked to review the issues presented on this appeal.

It is sought by plaintiff in this proceeding to have declared a constructive or resulting trust in her favor in certain personal and real property owned by her deceased husband who died on May 6, 1947. Her complaint consisted of two counts, the first alleging that she and James Isaac Holmes, later known as James I. Odoms, were lawfully married at San Antonio, Texas, on April 9, 1914; that they moved to Chicago in 1918 and resided there until September 9, 1933; that on the latter date, after withdrawing all funds in his savings account, her husband left, saying that he was going to St. Louis, Missouri; that she "had not heard from him for many a year when she

heard of his death;" that in May, 1935, Holmes went to work for P. Q. Criggler as an embalmer and bookkeeper in the undertaking business at 1518 Piggott Avenue, East St. Louis, Illinois, and that he was paid a percentage of the profits obtained therein; that in April, 1941, Odoms obtained a purported divorce from her in the city court of East St. Louis; that publication service giving that court jurisdiction was predicated upon a false and fraudulent affidavit; that said divorce decree was declared to be null and void by the city court of East St. Louis on May 1, 1950; that on June 25, 1941, J. I. Odoms entered into a marriage ceremony with defendant Gladys Mims; that in 1944 J. I. Odoms and P. Q. Criggler purchased a house and lot at 1036 Tudor Avenue, East St. Louis, for $5000, each contributing one half of that amount; that this property was used as a funeral home; that the title to this property was placed in P. Q. Criggler and his wife, Mary Ann Criggler, as joint tenants of an undivided one-half interest and James I. Odoms and Gladys Odoms, as joint tenants of an undivided one-half interest; that on March 22, 1947, Odoms transferred his savings account in the Union National Bank of East St. Louis, in the sum of $4263.64, into a joint account of James I. Odoms and Gladys Odoms, both signing the required joint-account signature card; that the purchase of the real estate was made with funds belonging exclusively to J. I. Odoms and likewise the savings account was solely the result of his labor and thrift. Count two of the amended complaint alleges in addition to the foregoing that the defendant P. Q. Criggler has continued to conduct a funeral home on the premises in which her deceased husband had a joint interest and is therefore chargeable with one half of its rental value since May 6, 1947.

It is claimed by plaintiff that the joint-tenancy arrangement of the properties described herein before was a product

of a fraudulent scheme to disinherit the plaintiff, his lawful wife, and that a resulting trust arose in her favor. The Union National Bank was also made a party defendant and the complaint seeks from them an accounting to plaintiff of the joint-tenancy account.

The defendants filed answers denying the material allegations of the amended complaint, and denying that plaintiff was entitled to any of the relief sought. Gladys Odoms filed an affirmative defense stating that after the death of James I. Odoms, the Union National Bank had obtained from the Attorney General of Illinois an authorization for the transfer of the funds in the joint account to Gladys Odoms; that the Attorney General and the bank acted properly in so doing because of the force and effect of a joint saving account agreement entered into by James I. Odoms, Gladys Odoms and the bank which reads as follows: "We, the undersigned, joint depositors, joint tenants and not tenants in common, hereby agree, each with the other, and with the Union National Bank of East St. Louis, that all sums heretofore or hereafter deposited by said joint depositors or either of them, with said bank, to their credit as such joint depositors shall be owned by them jointly with the right of survivorship, and be subject to the check or order or receipt of either of them, or the survivor of them, and payment thereof shall discharge said bank from liability to either, or their heirs, executors, administrators or assigns of either. This agreement shall not be changed or terminated except by written notice signed by said joint depositors to said bank and such notice shall not affect the rights of the bank or said depositors hereunder with relation to deposits heretofore made."

The affirmative defenses further contain the allegations that the joint savings account was an accumulation of money earned by herself and her husband; that likewise the real estate in question was purchased from moneys

earned by her and her husband in the undertaking business; that in the conduct of the funeral home, "she took care of the funeral home, took care of the bodies of the ladies and babies, did clerical and bookkeeping work as well as cooking, scrubbing and cleaning;" that it was defendants' furniture that was used in the home.

The cause was referred to the master in chancery of the circuit court of St. Clair County, to take evidence and to report conclusions of fact and law. The master found the issues for the defendants and recommended the complaint and amendments thereto be dismissed for want of equity. The master found that the plaintiff had contributed nothing to the accumulation of the property in question but, on the contrary, that it flowed from the joint efforts of James and Gladys Odoms. Objections to the master's report were overruled, a decree was entered in the circuit court of St. Clair County pursuant to the recommendations it contained, and this appeal followed.

The principal dissatisfaction of appellant voiced on this appeal is that the finding of the master in chancery that Gladys Odoms contributed substantially to the accumulation of the property in controversy is against the manifest weight of the evidence. With this complaint we cannot agree. The plaintiff testified that when her husband left home, she thought he had $2500. P. Q. Criggler, Mary Ann Criggler, and Gladys Odoms testified that the money used to purchase the funeral home came from work in the undertaking business, and that Gladys Odoms performed valuable services in that enterprise. She was constantly in the funeral parlor giving loyal attention to tasks of every sort.

Appellant further argues that even though the divorce decree was not set aside until three years after her husband's death, the divorce was void *ab initio* and therefore she was his lawful wife throughout the years he was accumulating his property. If Gladys Odoms had predeceased

J. I. Odoms, then according to their survivorship agreements, the controverted properties would survive to J. I. Odoms. If such had transpired, then plaintiff's posthumous restoration of her status as a wife or widow might be of some significance. The survivorship agreement entered into by J. I. Odoms and Gladys Odoms is valid and enforceable regardless of the legality of their marriage contract. They toiled together in a common enterprise, each contributing a share in their joint savings. Furthermore by the greater weight of authority a spouse in one's lifetime may dispose of his or her property—both personal and real, and thus deprive a husband or wife of a possible inheritance, and such deed, transfer or gift is not vulnerable to attack unless the transaction is a sham and is "colorable" or "illusory" and is tantamount to frand. (*Padfield* v. *Padfield*, 78 Ill. 16; *Delta & Pine Land Co.* v. *Benton*, 171 Ill. App. 635; *Smith* v. *Northern Trust Co.* 322 Ill. App. 168; *Hoeffner* v. *Hoeffner*, 389 Ill. 253; *Blankenship* v. *Hall*, 233 Ill. 116.) The relationship under consideration displays none of the weaknesses that would justify the destruction of the survivorship agreement presented by J. I. Odoms and Gladys Odoms.

The abstract filed by appellant is deficient in many respects and thus violates Rule 38 of this court. Nevertheless, we have given consideration to all arguments presented in the brief and have reached the conclusion that the decree entered herein should be affirmed.

*Decree affirmed.*

Mr. Justice Maxwell took no part in the consideration or decision of this case.