**In re ESTATE of Minnie B. CHURCH, Deceased.**

**No. 85950.**

United States District Court
District of Columbia.

Motions Division.
Feb. 9, 1956.
Supplemental Opinion June 1, 1956.

James C. Toomey, Washington, D. C., for petitioner.

Robert H. McNeil, Washington, D. C., for respondent.

TAMM, District Judge.

On July 20, 1949, Minnie B. Church purchased twenty $1,000 United States Savings Bonds, Series E, ten of which were issued to "Minnie B. Church or Merton B. Church" (her son), the other ten bonds being issued to "Merton B. Church or Minnie B. Church." Approximately one year before this purchase the son had been judicially declared incompetent, and approximately one year after this purchase the mother was also judicially declared incompetent. Minnie B. Church died on August 3, 1954. Prior to her death, the committee for the son had redeemed the bonds issued to "Merton B. Church or Minnie B. Church" and had used the proceeds to pay for the

maintenance and care of Merton Church, incompetent, at St. Elizabeth's Hospital. The bonds issued to "Minnie B. Church or Merton B. Church" had also been redeemed and the funds invested in United States Treasury bearer bonds, $4,000 in bonds now remaining.

The committee of Merton B. Church has filed exceptions to the first and final account of the administrator, c. t. a. of the estate of Minnie B. Church, deceased, this administrator having been her committee. The committee of Merton B. Church contends that the remaining bonds belong to the son and therefore should not be listed as part of the assets of the estate of the mother, deceased.

 The question before this Court is one of ownership of these remaining bonds. After consideration of counsels' oral argument and briefs, the Court is convinced that where a person purchases and registers such bonds in his own name and in the name of another as co-owners, and the purchaser dies first, the bonds become the sole property of the surviving co-owner. This is in accordance with regulations issued by the Secretary of the Treasury as to the registration of bonds.[1] These regulations establish a contractual basis for determining title to bonds, thus distinguishing this case from Murray v. Gadsden, 91 U.S. App.D.C. 38, 197 F.2d 194, 33 A.L.R.2d 554.

The exceptions of the committee of Merton B. Church to the first and final account of administrator, c. t. a. are sustained. Counsel will present an order in accordance with this memorandum.

### Supplemental Opinion

On February 9, 1956, the Court filed a memorandum opinion sustaining the objections of the committee of Merton B. Church to the first and final account of the administrator, c. t. a. of the estate of Minnie B. Church, deceased. Subsequent to the filing of the memorandum opinion, the committee and administrator

---

I. 31 C.F.R. 315. See also cases listed in Annotation, 37 A.L.R.2d 1223.

each submitted additional briefs. After careful consideration of these briefs and further oral argument by counsel, the Court again concludes that the objections should be sustained for the following additional reasons:

 As a general proposition, it seems to the Court that the committee of an incompetent is the mere conserva-tor of the ward's estate and that his authority is mainly ministerial or adminis-trative. As such, he cannot, without the authority of the Court which appointed him, exercise a right which is personal to the incompetent or perform an act which is contrary to the incompetent's intentions expressed before his disabili-ty. This conclusion has been reached in cases involving a change of beneficiary in an insurance policy,[1] election under a will,[2] and under a revocable trust.[3] That any discretionary power must be exer-cised under the supervision of the ap-pointing court seems implied by the Dis-trict of Columbia statute which provides that, "The equity court shall have full power and authority to superintend and direct the affairs of persons non compos mentis, and to appoint a committee or trustees for such persons \* \* \* and to make such orders and decrees for the care of their persons and the manage-ment and preservation of their estates, including the collection, sale, exchange, and reinvestment of their personal es-tate, *as to the court may seem proper.*[4] (Emphasis added.) The Court, therefore, concludes that the redemption of the co-ownership savings bonds was in this case the exercise of a personal right which belonged to the incompetent Minnie B. Church and which could not be exercised by her committee without his first ob-taining the Court's permission.

1. Annotation 21 A.L.R.2d 1186.

2. Wilmerton v. Wilmerton, 7 Cir., 176 F. 896, 28 L.R.A.,N.S., 401.

3. In re Gross, Sup., 62 N.Y.S.2d 392.

4. Title 21, Section 301, District of Co-lumbia Code (1951 Ed.)

5. Cornelison v. Walters, 1955, 178 Kan. 607, 290 P.2d 1016. See also: In re Da-

 Aside from the question of whether the committee had the power to cash these bonds, it seems to the court that two other considerations play a part in this situation: the co-owner was en-titled to notice of the committee's con-templated action, and the sale of the bonds must have been required for the benefit of the incompetent.[5] That the redemption of all of the bonds registered in the names of "Minnie B. Church or Merton B. Church" was not necessary for the support of Minnie is shown by the fact that about $6,000 of the money was reinvested in United States Treasury Bonds, and about $4,000 of the money was still in this form at the time of Min-nie's death.

The basic cause of difficulty in this case arose from the appointment of the same person as committee for both the mother and the son, both of whom were judicially declared incompetents and co-owners of United States Savings Bonds. Such a situation on its face would seem to indicate a conflict of interests. Since each co-owner possessed survivorship rights in the bonds, the committee could not redeem bonds in the name of one co-owner without violating his duty to the other co-owner. Although there is no question raised here as to any wrongdo-ing, this situation would not have arisen had the committee sought the court's ap-proval before acting.

 Since the Court finds that the committee had no authority to cash the bonds without prior Court approval, the survivorship rights of Merton B. Church in the bonds could not be divested by the committee's unauthorized action, and Merton, therefore, became the sole owner of the bonds, or of whatever funds could be traced to the bonds as their source,

mon's Guardianship, 1947, 238 Iowa 570, 28 N.W.2d 48, and In re Johnson's Es-tate, 1953, 351 Ill.App. 111, 113 N.E.2d 590, where bonds of incompetents were cashed unnecessarily, without court au-thorization or knowledge on the part of the co-owners, proceeds of the bonds were held payable to the surviving co-owner.

which existed at the time of his mother's death.

The exceptions of the committee of Merton B. Church to the first and final account of the administrator, c. t. a. are sustained. Counsel will present order.