Alma Wagner, Administrator of Estate of August M.
Wagner, Deceased, Petitioner-Appellant, v. Milton
Wagner, Respondent-Appellee.

Term No. 58–F–4.

Fourth District.
April 21, 1958.
Rehearing denied May 14, 1958.
Released for publication May 19, 1958.

308

Johnson, Johnson & Ducey, Cornelius T. Ducey, of Belleville, for petitioner-appellant.

Baltz & Guymon, of Belleville (Philip G. Feder, of counsel) for respondent-appellee.

JUDGE BARDENS delivered the opinion of the court.

Plaintiff's intestate and his son, the defendant, had jointly conducted a furniture and undertaking business since 1941 at Waterloo, Illinois. The father died in 1955 and plaintiff, as administrator of her deceased husband's estate filed a citation proceeding in the County Court of Monroe County against defendant, her stepson, to require him to give testimony as to any assets of the estate in his possession, and to file a partnership inventory in accordance with the provisions of the Probate Act, Chap. 3, Ill. Rev. Stat. Sec. 340 et seq. The County Court ruling that decedent had no interest in the physical assets, inventories, and accounts of the partnership was affirmed after a hearing in the Circuit Court. This finding is appealed from as being contrary to the manifest weight of the evidence.

Documentary evidence, together with the testimony of several witnesses established that prior to 1940, decedent, and a George Hermann operated the business; that on March 9, 1940, defendant purchased from his father all the latter's interest in the firm of Wagner and Hermann, including all stocks of furniture, merchandise, caskets, hearse, truck, and other physical assets as well as notes and accounts; that George Hermann having died in 1938 or 1939, defendant also purchased on April 1, 1941, all the interest of the Hermann estate in the business; that nonetheless, defendant's father continued in active and full-time participation in the business with his son from 1940 to

309

the date of his death; that Partnership Federal Income Tax Returns, Form 1065, were filed for the years 1941 through 1954 for the business, showing January 1, 1941, as the date of the partnership formation between defendant and his father and an annual equal division of net profits. The returns further show that each partner devoted 100% of his time to the partnership and that various physical assets such as a brick funeral chapel, vehicles and casket trucks were acquired by the partnership through the years and depreciated as an expense in arriving at a net profit of the business. An objection to the defendant's competency as a witness was sustained by the Court.

Plaintiff contends that this evidence shows the existence of a general partnership and the estate's one-half interest in the net worth of the partnership as of date of death, including physical assets, inventory and accounts. The defendant maintains, on the other hand, that decedent had no interest in the partnership other than the right to one-half of the net profits for the period January 1, 1955, to date of death, which sum has been tendered to plaintiff.

The issue then is as to the nature of the business relationship between defendant and his father. The burden of proof, of course, is on plaintiff to support her allegation that a general partnership existed. It must be observed that the defendant, as surviving partner, has within his control all the partnership records and is in the best position to present evidence on such issue. In fact, plaintiff was virtually limited to the documentary proof brought into court by the defendant in response to a subpoena duces tecum. Therefore, once a prima facie case of general partnership has been established, the obligation rests upon those who have control of the business records and are in the best position to know the facts to refute otherwise natural inferences which might be drawn from

310

such prima facie proof. Midwest Transfer Co. v. Preferred Accident Ins. Co., 342 Ill. App. 231, 235, 96 N.E.2d 228, 230. A prima facie showing by the estate was made. See 40 Am. Jur., Partnership, Pars. 348 and 350, 68 C. J. S., Partnership, Pars. 391 (B) and 392.

Turning to the evidence at hand, what facts and reasonable inferences are there as to the business relationship of the decedent and the defendant? The partnership tax returns show the formation of a fifty-fifty partnership on January 1, 1941, between defendant and his father and the devotion of their entire time and interest to such business until the father's death. The returns show the acquisition of certain fixed assets from time to time and their amortization over the life of the asset as a business expense item before arriving at each partner's share of taxable income; there is no proof of rental by the partnership of these items from the defendant. Therefore, it may properly be inferred that such items acquired after January 1, 1941, were purchased with partnership funds, one-half of which belonged to decedent, and that, therefore, decedent had a one-half interest in such assets. Chap. 106½, Sec. 8 (2) Ill. Rev. Stat. The decrease in decedent's net return from the business resulting from such purchases was certainly the equivalent of his having supplied one-half the cost of such assets from his personal funds. The only reasonable rebuttal to the proof afforded by the tax returns is that defendant purchased such assets with his own funds and contributed them to the partnership, rent free. But there was no such proof offered by defendant. Nor was there any proof to support the assertion that a special arrangement existed whereby decedent was entitled to only one-half the net profits even though partnership funds were used to purchase depreciable fixed assets. In the absence of any such evidence, it would be just

311

as reasonable to find the reverse of defendant's allegation, i. e., that decedent was the sole owner of the physical assets purchased with partnership funds.

Defendant, however, urges that his purchase of decedent's interest in the business in 1940 and his acquisition of the Hermann interest in 1941 supports the arrangement contended for. We deem such evidence relevant only as showing ownership of physical assets, inventories and accounts in the business at such time, and, therefore, an original disproportionate capital contribution to the partnership. Such transfer cannot rebut the showing from the returns that a partnership was formed on January 1, 1941, and that other physical assets were subsequently purchased by the partnership.

■ ■ The interest of decedent in the inventory and accounts of the business is even more pronounced than the claim with respect to physical assets being depreciated. These items represent fruits of decedent's labors even more tangibly than do the brick chapel, hearse and other physical assets. It is not reasonable to assume, for example, that decedent had no interest in the inventory of furniture on hand, though if any such items were sold, he would be entitled to one-half the net profits on such sale, or that he was entitled to his share in a cash sale but had no interest in accounts receivable. Such a unique partnership arrangement would have to be established. Having adopted the partnership form of business relationship, it must be assumed that the usual attributes of such arrangement obtained in the absence of evidence to the contrary. Here, there was no such evidence. Therefore, under Sections 18 (a) and 40 of the Uniform Partnership Act [Ill. Rev. Stats. 1957, ch. 106½, §§ 18 (a), 40], the increase in partnership net worth since 1941, after giving consideration to the purchase of the decedent's interest and the Hermann

312

interest by defendant as a capital contribution, should be credited to the partners equally. See Altschuler v. Altschuler, 410 Ill. 169, 101 N.E.2d 552; 29 I. L. P., Partnership, Par. 263.

■ Inasmuch as a further hearing will be held, we point out that defendant's competency as a witness is not inflexibly controlled by Sec. 2 of the Evidence Act (Chap. 51, Sec. 2, Ill. Rev. Stat.). Sec. 185 of the Probate Act (Chap. 3, Sec. 337, Ill. Rev. Stat.) provides that the court may examine the respondent under oath. Under such circumstances the respondent · becomes the court's witness whether examined by the court or by the attorneys for the parties. Storr v. Storr, 329 Ill. App. 537, 69 N.E.2d 916; Keshner v. Keshner, 376 Ill. 354, 362, 33 N.E.2d 877. Whether the respondent's testimony is necessary to a full and fair presentation of the facts in this case lies within the careful exercise of discretion by the trial court. In making such observation we are not deviating from our holding in Johnson v. Mueller, 346 Ill. App. 199, 104 N.E.2d 651, that a respondent in such proceeding is incompetent when called as a witness in his own behalf. Therefore, if, in the court's discretion, the accounting required by the pertinent provisions of the Probate Act and the Partnership Act cannot be fairly accomplished without testimony from defendant, he should be examined by the court pursuant to Sec. 185 of the Probate Act [Ill. Rev. Stats. 1957, ch. 3, § 337].

Reversed and remanded for new trial.

CULBERTSON, P. J. and SCHEINEMAN, J., concur.