*In re* BELL ESTATE

HAASE v FERRERO

Docket No. 82812. Submitted February 13, 1986, at Detroit. Decided
    September 9, 1986.

    Lydia Bell, the decedent, purchased Series HH United States
    savings bonds valued at $7,500, naming herself and a niece,
    Delores Haase, as co-owners. Later, decedent purchased addi-
    tional Series HH United States savings bonds valued at $35,000
    and again named herself and Haase as co-owners. Six days
    after the second purchase, decedent executed a codicil to her
    will providing that the bonds she purchased as co-owner with
    Haase be divided among decedent's nieces, nephews, grand-
    nieces, and grandnephews. The decedent's will and codicil were
    admitted into probate by the Oakland Probate Court shortly
    after her death. Haase was appointed personal representative
    and she filed a petition seeking a determination of title to the
    bonds. Respondents Lorenda Ferrero, Rose Silverwood and
    Violet Bullock are nieces of decedent. The probate court, Nor-
    man R. Barnard, J., ruled in favor of Haase and subsequently
    denied respondents' motion for a rehearing. Respondents ap-
    pealed.

    The Court of Appeals *held:*

    1. The probate court erred in analogizing this case with one
    involving a bank account held in joint tenancy with rights of
    survivorship and in ruling that respondents failed to produce
    sufficient evidence to overcome the statutory presumption that
    petitioner possessed a right of survivorship in the jointly-owned
    bonds.

    2. Petitioner is vested with absolute ownership of the dis-
    puted bonds pursuant to the United States Treasury regula-
    tions under which the bonds were issued.

    3. The law of gifts inter vivos has no application to the
    question of a co-owner's ownership of a savings bond upon the
    death of another co-owner. Therefore, the Court of Appeals

REFERENCES

Am Jur 2d, Public Securities and Obligations §§ 280-297.

Construction and effect of will provisions expressly relating to the
    burden of estate or inheritance taxes. 69 ALR3d 122.

found respondents' claim that the probate court erred in concluding that decedent had made a valid gift to petitioner to be without merit.

Affirmed.

1. APPEAL — HARMLESS ERROR.

The Court of Appeals will not reverse a lower court decision reaching a right result for a wrong reason.

2. UNITED STATES — SAVINGS BONDS — TREASURY REGULATIONS.

Treasury regulations under which United States savings bonds are issued form part of the contract between the federal government and the purchaser of the bonds, and such regulations have the force of federal law.

3. UNITED STATES — SAVINGS BONDS.

A surviving co-owner, upon the death of the registered co-owner named on the face of a United States savings bond, becomes the absolute owner of legal title to the bond; under the treasury regulations, the federal government will recognize only the surviving owner to whom, under the contract evidenced by the bond, it is obligated to make payment (31 CFR § 353.70).

4. UNITED STATES — SAVINGS BONDS.

Federal law governs the rights of parties regarding ownership of United States savings bonds; state law must yield to such federal law.

*Basse & Heiter, P.C.* (by *William A. Basse*), for petitioner.

*Gerald M. Flury,* for respondents.

Before: MacKENZIE, P.J., and CYNAR and G. T. MARTIN,* JJ.

PER CURIAM. This case involves a dispute over the ownership of certain Series HH United States savings bonds purchased by the deceased. Respondents appeal as of right from an opinion of the probate court finding petitioner Delores Haase sole owner of the bonds and the court's subsequent denial of their motion for rehearing. We affirm.

* Former circuit judge, sitting on the Court of Appeals by assignment.

Petitioner is a niece by marriage of Lydia Bell, who died testate on January 27, 1984. Respondents are also Bell's nieces. On October 7, 1981, Bell purchased $7,500 worth of Series HH United States savings bonds which named herself and petitioner as co-owners. On November 21, 1981, Bell purchased additional Series HH savings bonds. Bell and petitioner were named as co-owners of $35,000 worth of these bonds. The bonds were stored in Bell's safe deposit box until her death.

On November 27, 1981, six days after the second purchase, Bell issued a codicil to her will providing that the bonds she purchased as co-owner with petitioner should be divided among Bell's nieces, nephews, grandnieces, and grandnephews.

Following Bell's death, her will and the codicil were admitted into probate. Petitioner, as personal representative of the estate, filed a petition to determine title to the savings bonds issued to Bell and petitioner as co-owners. Following a hearing, the probate court issued a written opinion finding that petitioner held rights of survivorship in the bonds and was now their sole owner. The court found that the interests in the bonds were analogous to interests in bank accounts held in joint tenancy with rights of survivorship and, accordingly, the mandates of MCL 487.703; MSA 23.303 were applicable to resolve this dispute. Pursuant to this statute, the probate court applied a presumption that petitioner possessed a right of survivorship in the jointly-held bonds and found that respondents failed to produce sufficient evidence to overcome this presumption. The probate court subsequently denied respondents' motion for rehearing or new trial.

On appeal, respondents contend that the probate court committed error requiring reversal in apply-

ing the presumption of a right of survivorship in joint bank accounts set forth by MCL 487.703; MSA 23.303, and, consequently, in finding petitioner sole owner of the savings bonds by right of survivorship. We agree with respondents that the court's reliance on the statute constituted error. Nevertheless, this Court will not reverse where the lower court reaches the right result for the wrong reason. *In the Matter of Slis,* 144 Mich App 678; 375 NW2d 788 (1985). We conclude that under the federal regulations governing ownership of Series HH savings bonds, when Bell died petitioner, as surviving co-owner of the savings bonds, was vested with absolute ownership of the bonds.

A U S savings bond is a valid and binding contract between the federal government and the parties named on the bond. *Wolak v United States,* 366 F Supp 1106 (D Conn, 1973). The treasury regulations under which savings bonds are issued form part of this contract, and such regulations have the force and effect of federal law. *In re Estate of Chase,* 82 Idaho 1; 348 P2d 473 (1960).

The treasury regulations governing Series HH savings bonds are found at 31 CFR 353. 31 CFR 353.5(a) provides:

> Savings bonds are issued only in registered form. The registration must express the actual ownership of, and interest in, the bond. The registration is conclusive of ownership.

31 CFR 353.70 provides in pertinent part:

> The following rules govern ownership or entitlement where one or both of the persons named on a bond have died without the bond having been surrendered for payment or reissue:

* * *

(b) If one of the coowners named on a bond has died, the surviving coowner will be recognized as the sole and absolute owner, and payment or reissue will be made as though the bond were registered in the name of the survivor alone.

Under these regulations, it is clear that when a co-owner of a savings bond dies, the surviving co-owner is vested with absolute ownership of the bond. Accord: *In re Estate of Chase, supra; Marcum v Marcum,* 377 SW2d 62 (Ky App, 1964), *In re Haas's Estate,* 10 NJ Super 581; 77 A2d 523 (1950). See also Anno: *Rights Upon Death of Co-Owners of United States Savings Bonds,* 37 ALR2d 1221, and cases cited therein. The fact that the savings bonds were purchased solely with the funds of the deceased co-owner Bell does not affect the rights of the surviving co-owner to absolute ownership in the bonds. See, e.g., *Marcum v Marcum, supra, Levites v Levites,* 27 Ill App 2d 274; 169 NE2d 574 (1960). See also 37 ALR2d, *supra,* and cases cited therein. Moreover, this right of absolute ownership cannot be defeated by Bell's codicil. The federal law represented by the treasury regulations is supreme, *Free v Bland,* 369 US 663; 82 S Ct 1089; 8 L Ed 2d 180 (1962); the statutory right afforded by the state to dispose of property by will must therefore yield to the regulations. See *Ex Parte Little,* 259 Ala 532; 67 So 2d 818 (1953).

Respondents further assert that the probate court committed error requiring reversal in concluding that Bell made a gift of an interest in the savings bonds in favor of the petitioner because each of the elements necessary to establish an inter vivos gift has not been satisfied. See, e.g., *Serkaian v Ozar,* 49 Mich App 20; 211 NW2d 237 (1973). The argument is without merit. The law of

gifts has no application to the question of a co-owner's ownership of a savings bond upon the death of another co-owner. *Marcum v Marcum, supra.* This is because, as noted above, a savings bond is a valid and binding contract. As such, ownership is fixed by the terms of the bond contract, including the treasury regulations (which a party is presumed to know), not be the transfer and acceptance of physical possession. Under the treasury regulations, the ownership interests in the bonds were fixed at the time of purchase. No more was needed to create an ownership interest in petitioner.

Affirmed.